**AKIN GUMP STRAUSS HAUER & FELD LLP**
LAURA D. SMOLOWE (SBN 263012)
lsmolowe@akingump.com
LAUREN E. HUENNEKENS (SBN 328855)
lhuennekens@akingump.com
1999 Avenue of the Stars, Suite 600
Los Angeles, CA 90067
Telephone:      +1 310.229.1000
Facsimile:      +1 310.229.1001

**AKIN GUMP STRAUSS HAUER & FELD LLP**
ASHLEY VINSON CRAWFORD (SBN  257246)
avcrawford@akingump.com
FATIMA BISHTAWI (SBN 363224)
fbishtawi@akingump.com
100 Pine Street, Suite 3200
San Francisco, CA 94111
Telephone:      +1 415.765.9500
Facsimile:      +1 415.765.9501

**AKIN GUMP STRAUSS HAUER & FELD LLP**
ELIZABETH SCOTT (*pro hac vice*)
edscott@akingump.com
2300 N. Field Street, Suite 1800
Dallas, TX 75201
Telephone:      +1 214.969.2800
Facsimile:      +1 214.969.4343

Attorneys for Defendant
LENOVO (UNITED STATES) INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| SPENCER CHRISTY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LENOVO (UNITED STATES) INC.,<br><br>Defendant. | Case No. 3:26-cv-01133-CRB<br><br>**DEFENDANT LENOVO (UNITED STATES) INC.'S NOTICE OF MOTION AND MOTION TO STRIKE CLASS ALLEGATIONS**<br><br>Date:         September 18, 2026<br>Time:         10:00 a.m.<br>Location:     Courtroom 6 – 17th Floor<br><br>Date Action Filed: February 5, 2026 |

# **TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION AND MOTION (CIVIL L.R. 7-2(B)(2))..................................................1

RELIEF REQUESTED (CIVIL L.R. 7-2(B)(3)) ....................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES.............................................................1

I.      INTRODUCTION ....................................................................................................1

II.     FACTUAL BACKGROUND ....................................................................................2

      A.      Plaintiff Accepted Lenovo's Sales Agreement...................................................2

      B.      The Sales Agreement Provides for Mandatory, Individual Arbitration and Waiver of the Right to Participate in Class Actions. ...............................3

      C.      Plaintiff Declines to Opt Out of the Arbitration Agreement. ............................4

      D.      Plaintiff Now Improperly Pursues Class Claims Against Lenovo......................4

III.    STATEMENT OF ISSUES TO BE DECIDED (CIVIL L.R. 7-4(A)(3)) .....................5

IV.     LEGAL STANDARD ...............................................................................................5

V.      THE COURT SHOULD STRIKE PLAINTIFF'S CLASS ALLEGATIONS ...........5

      A.      Plaintiff's Class Allegations Should Be Stricken Because He Waived His Right to Participate in Class Actions. ........................................................5

            1.      Plaintiff Accepted the Sales Agreement and its Class Action Waiver.................5

                *i.      Plaintiff Received Reasonably Conspicuous Notice of the Sales Agreement.* ..............................................6

                *ii.     Plaintiff Unambiguously Manifested His Assent to the Sales Agreement.* ..........................................7

                *iii.    The Arbitration Agreement was Validly Incorporated by Reference into the Sales Agreement.* .........................8

            2.      The Class Action Waiver is Enforceable and Requires Striking Plaintiff's Class Allegations.............................8

      B.      Plaintiff's Nationwide Unjust Enrichment Class Allegations Separately Must Be Stricken Due to the Material Differences in State Law...................9

VI.     CONCLUSION.........................................................................................................10

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Andrade v. Am. First Fin., Inc.*,
    2022 WL 3369410 (N.D. Cal. Aug. 16, 2022) ...............................................................................9

*Berman v. Freedom Fin. Network*,
    30 F.4th 849 (9th Cir. 2023) ..............................................................................................6, 7

*BHS Law LLP v. BMO Bank N.A.*,
    2026 WL 381814 (N.D. Cal. Feb. 11, 2026) ...................................................................................8

*Christian v. LeafFilter North, LLC*,
    2025 WL 2337125 (N.D. Cal. Aug. 13, 2025) (Breyer, J.) ............................................................5

*Dohrmann v. Intuit, Inc.*,
    823 F. App'x 482 (9th Cir. 2020) ................................................................................................7

*Donelson v. Ameriprise Fin. Servs.*,
    999 F.3d 1080 (8th Cir. 2021) ....................................................................................................1

*Eshagh v. Terminix Int'l Co. L.P.*,
    2012 WL 1669416 (E.D. Cal. May 10, 2012) ...............................................................................1

*Hartranft v. Encore Capital Grp., Inc.*,
    543 F. Supp. 3d 893 (S.D. Cal. 2021) .........................................................................................1

*Kamath v. Coinbase, Inc.*,
    2024 WL 950163 (N.D. Cal. Mar. 5, 2024) (Breyer, J.) ..............................................................6

*Keebaugh v. Warner Bros. Ent. Inc.*,
    100 F.4th 1005 (9th Cir. 2024) ...................................................................................................7

*Lee v. Ticketmaster L.L.C.*,
    817 F. App'x 393 (9th Cir. 2020) ...............................................................................................6

*Mazza v. Am. Honda Motor Co.*,
    666 F.3d 581 (9th Cir. 2012), *overruled on other grounds by Olean Wholesale
    Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022) .........................9, 10

*Mohammed v. Uber Techs, Inc.*,
    848 F.3d 1201 (9th Cir. 2016) ....................................................................................................9

*Phan v. Sargento Foods, Inc.*,
    2021 WL 2224260 (N.D. Cal. June 2, 2021) ............................................................................9, 10

*Pistacchio v. Apple Inc.*,
    2021 WL 949422 (N.D. Cal. Mar. 11, 2021)...............................................................................10

*Stitt v. Citibank*,
    2015 WL 9177662 (N.D. Cal. Dec. 17, 2018)..............................................................................10

ii

*Taylor v. Inflection Risk Sols., LLC,*
  808 F. Supp. 3d 981 (N.D. Cal. 2025) (Breyer, J.) ..........................................................................5

*Uber Techs., Inc. v. U.S. Judicial Panel on Multidistrict Litig.,*
  131 F.4th 661 (9th Cir. 2025) .........................................................................................2, 8

*Van Den Heuvel v. Expedia Travel,*
  2017 WL 5133279 (E.D. Cal. Nov. 6, 2017)....................................................................7

*Whalen v. NBA Props., Inc.,*
  2025 WL 1948591 (N.D. Cal. July 16, 2025) (Breyer, J.).........................................5, 7, 8

**Statutes**

Civil L.R. 7-2(B)(3) ...............................................................................................1, 5

**Other Authorities**

Fed. R. Civ. P. 12(f) ...............................................................................................1, 5

Fed. R. Civ. P. 23(b)(3)..................................................................................................9

iii

**<u>NOTICE OF MOTION AND MOTION (CIVIL L.R. 7-2(B)(2))</u>**

**PLEASE TAKE NOTICE** that on September 18, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Charles Robert Breyer, Courtroom 6 – 17th Floor, located at United States District Court for the Northern District of California, San Francisco Division, 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Lenovo (United States) Inc. ("Lenovo") will and hereby does move to strike Plaintiff's class allegations pursuant to Federal Rule of Civil Procedure 12(f).  This Motion is based upon this Notice of Motion and Motion, Memorandum of Points and Authorities, the Declaration of Kevin Morey and the exhibits attached thereto, the Court's files in this action, the arguments of counsel, and any other matter that the Court may consider.

**<u>RELIEF REQUESTED (CIVIL L.R. 7-2(B)(3))</u>**

Lenovo requests that the Court strike Plaintiff's class allegations pursuant to Rule 12(f).

**<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

**I.    <u>INTRODUCTION</u>**[1]

Plaintiff Spencer Christy alleges that he visited Lenovo's website at www.lenoco.com/us/en (the "Website") in late 2025 and that certain cookies on the Website collected basic information during his visits.  Plaintiff alleges that this purported data collection violates numerous statutes and his constitutional right to privacy.  In so doing, Plaintiff attempts to contort decades-old statutes that make no sense as applied to the internet in order to attempt to criminalize alleged routine internet activity that is consistent with reasonable internet users' expectations.  Worse still, Plaintiff makes these allegations even though he was provided notice of the precise conduct that he now alleges is unlawful and consented to the same.

Plaintiff's individual claims lack merit, as addressed in Lenovo's concurrently-filed Motion to Dismiss.  And Plaintiff's class allegations fare no better, as they are barred by contract.  Plaintiff accepted Lenovo's Sales Agreement when he purchased his Lenovo computer, which contains a binding and

---

[1] Lenovo files this Motion to Strike Class Allegations concurrently with its Motion to Compel Arbitration and without waiver of its arbitration rights.  *Hartranft v. Encore Capital Grp., Inc.*, 543 F. Supp. 3d 893, 923-35 (S.D. Cal. 2021) (no waiver of arbitration rights where defendant moved to compel arbitration and strike the class allegations simultaneously); *Donelson v. Ameriprise Fin. Servs.*, 999 F.3d 1080, 1087-88 (8th Cir. 2021) (same); *see also Eshagh v. Terminix Int'l Co. L.P.*, 2012 WL 1669416, at *9-10 (E.D. Cal. May 10, 2012) (simultaneously granting motion to compel arbitration and motion to strike class claims), *report and recommendation adopted*, 2012 WL 12874468 (E.D. Cal. July 6, 2012), *aff'd*, 588 F. App'x 703 (9th Cir. 2014).

1

enforceable class action waiver within the arbitration agreement. *Uber Techs., Inc. v. U.S. Judicial Panel on Multidistrict Litig.*, 131 F.4th 661, 673 n.6 (9th Cir. 2025) ("Class action waivers contained in arbitration agreements are enforceable[.]") (citing *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 233-35 (2013)). As a result, Plaintiff cannot pursue his claims on behalf of the putative class, and his class allegations must be stricken. And even if the Court does not enforce the class waiver, at a minimum, Plaintiff's nationwide unjust enrichment class claims must be stricken due to the variance in state laws.

## II.    FACTUAL BACKGROUND

### A.    Plaintiff Accepted Lenovo's Sales Agreement.

Lenovo "makes, markets, and sells computers, computer accessories, and related products like tablets, monitors, servers, and storage." Compl. ¶ 26. Plaintiff alleges that in November and December of 2025, he visited the Website on multiple occasions—navigating product pages and searching the Website for a Legion Tower 7i Gen 10 (Intel) with RTX™ 5080, a gaming computer. *Id.* ¶¶ 95-96.

Plaintiff alleges that while viewing the Website, his browser loaded so-called third-party "Tracking Technologies"—i.e., cookies or scripts—that Lenovo deployed on its Website, which collected certain of his data. *Id.* ¶¶ 13, 57-58, 64. Plaintiff alleges that Lenovo subsequently used his data for its own purposes, *id.* ¶¶ 13-14, 127, 134, and transferred his data to its parent company, Lenovo Group Limited, "a Hong Kong-incorporated multinational technology company with its principal corporate operations headquartered in Beijing, China." *Id.* ¶ 27.

Plaintiff then purchased the Legion Tower 7i Gen 10 (Intel) with RTX™ 5080. *Id.* ¶ 97. During that purchase process, Plaintiff accepted Lenovo's Sales Agreement. Declaration of Kevin Morey in Supp. of Mot. to Strike Class Allegations ("Morey Decl."), Decl., ¶¶ 4-13. Plaintiff was required first to add the computer to his cart and select "Proceed to Checkout." *Id.* ¶¶ 5-6. He then was taken to a new webpage where he was directed to enter his contact information including his name and email address, at which point he selected "Continue to Delivery." *Id.* ¶ 7. A subsequent set of fields then appeared, allowing Plaintiff to fill in his delivery address and select his shipping method, at which point he selected "Continue to Review & Pay." *Id.* ¶ 8. This prompted the "Review & Pay" fields to appear, allowing Plaintiff to enter his billing address, select his payment method, and provide his credit card information. *Id.* ¶ 9.

2

Plaintiff was given conspicuous notice of the Sales Agreement.  Immediately below the "Place Order" button, in black font contrasting with the white background of the same size as the surrounding text, Lenovo's Website reads: "I have read and agree to the Privacy Policy, Lenovo Sales Agreement, & verify that I am over the age of 18."  *Id.* ¶¶ 9-10 (emphasis in original).  The Lenovo Sales Agreement was underlined and hyperlinked, differentiating it from the surrounding text.  *Id.* ¶¶ 9-11.

Clicking the "Lenovo Sales Agreement" hyperlink leads to a webpage containing the Sales Agreement.[2]  *Id*. ¶ 12.  The opening preamble of the Sales Agreement advised "PLEASE READ THE LENOVO SALES AGREEMENT BELOW CAREFULLY."  *Id.*, Ex. 2.  It further made clear that "BY PLACING AN ORDER ON LENOVO.COM OR ACCEPTING PRODUCTS SUBJECT TO THIS AGREEMENT, YOU ('YOU' OR 'CUSTOMER') ACKNOWLEDGE THAT YOU HAVE READ THIS AGREEMENT; UNDERSTAND IT; AND THAT YOU AGREE TO BE LEGALLY BOUND BY ITS TERMS AND CONDITIONS."  *Id*.

Plaintiff was required to complete a reCAPTCHA and select "Place Order" in order to complete his purchase, affirming his acceptance of the Sales Agreement.  *Id.* ¶¶ 9-10, 13.

**B.    The Sales Agreement Provides for Mandatory, Individual Arbitration and Waiver of the Right to Participate in Class Actions.**

The Sales Agreement is explicit:

> THIS AGREEMENT IS SUBJECT TO A REQUIREMENT THAT DISPUTES MUST BE RESOLVED IN BINDING, INDIVIDUAL ARBITRATION, NOT IN COURT.  THERE IS NO JUDGE OR JURY IN ARBITRATION AND PRETRIAL DISCOVERY AND APPELLATE RIGHTS ARE MORE LIMITED THAN IN COURT.  YOU HAVE A LIMITED-TIME RIGHT TO OPT OUT OF THIS REQUIREMENT.  SEE THE **ARBITRATION AGREEMENT PAGE** FOR FULL DETAILS AND OPT-OUT INSTRUCTIONS.

*Id.*, Ex. 2 (emphasis in original).  The hyperlink to the "Arbitration Agreement Page" is bolded and underlined.  *Id*.

The Arbitration Agreement, in turn, includes a heading specifying as follows:

> **THIS ARBITRATION AGREEMENT ("AGREEMENT") INCLUDES A REQUIREMENT THAT DISPUTES BETWEEN YOU AND LENOVO MUST BE RESOLVED IN BINDING, INDIVIDUAL**

---

[2] https://www.lenovo.com/us/en/terms-and-conditions/.

**ARBITRATION.  THIS MEANS WE GIVE UP THE RIGHTS TO TAKE A DISPUTE TO COURT OR TO PURSUE A CLASS ACTION. THERE IS NO JUDGE OR JURY IN ARBITRATION AND PRETRIAL DISCOVERY AND APPELLATE RIGHTS ARE MORE LIMITED THAN THEY WOULD BE IN COURT.  YOU HAVE A LIMITED-TIME RIGHT TO OPT OUT OF THIS REQUIREMENT. PLEASE READ THIS ENTIRE AGREEMENT CAREFULLY.**

Morey Decl., Ex. 3 (emphasis in original).

The Arbitration Agreement further stated, in relevant part:

> **Lenovo does not consent to have any dispute arbitrated pursuant to class arbitration procedures.** . . .  To the maximum extent allowed by applicable law, for any claims found to be not subject to arbitration, or if you opt out of the arbitration requirement, you and Lenovo agree to waive our rights to assert those claims on a class, [or] representative . . . basis[.]

*Id.* (emphasis in original).

### C.    Plaintiff Declines to Opt Out of the Arbitration Agreement.

Plaintiff had an opportunity to opt out of the Arbitration Agreement.  Specifically, the Arbitration Agreement provided that "within thirty (30) days of [his] purchase," Plaintiff was able to "send a written notice that includes [his] name, address, phone number, and product serial number, and tell[] Lenovo that [he is] rejecting or opting out" of the Arbitration Agreement." *Id*.  Lenovo has no record of Plaintiff ever doing so.  *Id*. ¶ 26.

The Arbitration Agreement also provides for a pre-dispute meet and confer process, as follows:

> Most Disputes can be resolved quickly and amicably.  To advise Lenovo of a Dispute, you must send a Notice of Dispute to "Legal Department: Notice of Dispute, Lenovo (US), Inc., 8001 Development Drive, Morrisville NC 27560," or by email to arbitrat@motorola.com.  Your Notice of Dispute must include your name, contact information, an explanation of the Dispute, and what you want Lenovo to do to resolve the problem.  Lenovo will contact you and attempt in good faith to negotiate a resolution.  You or we may not commence an arbitration until 30 days after provision of a Notice of Dispute.

*Id*., Ex. 3.  Lenovo has no record of Plaintiff attempting to resolve his dispute with Lenovo as required. *Id*. ¶ 28.

### D.    Plaintiff Now Improperly Pursues Class Claims Against Lenovo.

Notwithstanding his contractual obligation, Plaintiff has brought in this Court eight claims against Lenovo on behalf a nationwide class, a California subclass, and a California purchaser subclass "whose electronic communications with the Website were intercepted and whose communications and personal

4

data—including persistent identifiers and behavioral activity—was used on or after April 8, 2025." Compl. ¶ 107.

## III.  STATEMENT OF ISSUES TO BE DECIDED (CIVIL L.R. 7-4(A)(3))

1.     Should Plaintiff's class allegations be stricken pursuant to Rule 12(f) due to Plaintiff's waiver of his right to pursue a class action?

2.     Should Plaintiff's nationwide unjust enrichment class action allegations be stricken pursuant to Rule 12(f) due to Plaintiff's lack of standing to assert a nationwide unjust enrichment claim?

## IV.  LEGAL STANDARD

Rule 12(f) permits a court to order stricken from any pleading any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "[I]t is proper to strike class allegations at the pleading stage if any questions of law are clear and not in dispute, and under no set of circumstances could the claim or defense succeed may the allegations be stricken."  *Christian v. LeafFilter North, LLC*, 2025 WL 2337125, at *3 (N.D. Cal. Aug. 13, 2025) (Breyer, J.) (citation modified).

## V.  THE COURT SHOULD STRIKE PLAINTIFF'S CLASS ALLEGATIONS

### A.     Plaintiff's Class Allegations Should Be Stricken Because He Waived His Right to Participate in Class Actions.

#### 1.     Plaintiff Accepted the Sales Agreement and its Class Action Waiver.

Plaintiff (and likely other putative class members) entered into the binding Sales Agreement and its class action waiver.  Accordingly, Plaintiff's class allegations must be stricken.

"In California, a valid contract exists where: (1) the parties are capable of contracting; (2) there was mutual assent; (3) the contract had a lawful object; and (4) the contract is supported by sufficient cause or consideration."[3]  *Taylor v. Inflection Risk Sols., LLC*, 808 F. Supp. 3d 981, 984 (N.D. Cal. 2025)

---

[3] The Sales Agreement contains a choice-of-law provision selecting New York law for all matters not governed by the FAA.  Morey Decl., Ex. 2 § 9.6.  Whether California or New York law governs contract formation here is irrelevant as California law and New York law are the same in all material respects on the issue of contract formation.  *See Whalen v. NBA Props., Inc.*, 2025 WL 1948591, at *3 n.1 (N.D. Cal. July 16, 2025) (Breyer, J.) (finding choice-of-law provision adopting New York law to be "immaterial at this stage" as "New York and California apply substantially similar rules for determining whether the parties have mutually assented to a contract term.") (internal citations omitted, quoting *Berman v. Freedom Fin. Network*, 30 F.4th 849, 855 (9th Cir. 2023)).

5

(Breyer, J.) (citing Cal. Civ. Code § 1550).  There can be no question that Plaintiff and Lenovo are capable of contracting, that the Sales Agreement had a lawful object (the sale of the Lenovo gaming computer), and that the Sales Agreement is supported by sufficient consideration (the purchase price of the Lenovo gaming computer).  Compl. ¶ 97.  Thus, the only question before this Court is whether there was mutual assent to the Sales Agreement and its class action waiver.

The same "elemental principles of contract formation apply with equal force to contracts formed online." *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 855-56 (9th Cir. 2022).  "Thus, if a website offers contractual terms to those who use the site, and a user engages in conduct that manifests her acceptance of those terms, an enforceable agreement can be formed." *Id.* at 856.  Here, the Sales Agreement is a clickwrap agreement, to which Plaintiff manifested his assent by selecting "Place Order." Morey Decl., ¶¶ 9-13; *see Berman*, 30 F.4th at 856 (a clickwrap agreement is made formed when "a website presents users with specified contractual terms . . . and users must check a box explicitly stating 'I agree' in order to proceed.").  "The precise label does not matter; so long as the agreement gave reasonably conspicuous notice and Plaintiff manifested assent, there was an agreement." *Kamath v. Coinbase, Inc.*, 2024 WL 950163, at *4 n.3 (N.D. Cal. Mar. 5, 2024) (Breyer, J.).  "[A]n enforceable contract will be found based on an inquiry notice" where (1) "the website provides reasonably conspicuous notice of the terms to which the consumer will be bound"; and (2) "the consumer takes some action, such as clicking a button or checking a box, that unambiguously manifests his or her assent to those terms." *Berman*, 30 F.4th at 856.  Plaintiff need not have actually read the Sales Agreement to be bound by it—all that is required is that Plaintiff had an opportunity to review it.  *Lee v. Ticketmaster L.L.C.*, 817 F. App'x 393, 395 (9th Cir. 2020) (affirming grant of motion to compel arbitration, as a plaintiff "cannot avoid the terms of the contract on the ground that he failed to read it before signing, especially when he had a legitimate *opportunity* to review it") (citation modified).

       i.    *Plaintiff Received Reasonably Conspicuous Notice of the Sales Agreement.*

Here, Plaintiff was provided reasonably conspicuous notice of the Sales Agreement.  Directly below the "Place Order" button was the following language: "I have read and agree to the <u>Privacy Policy</u>, <u>Lenovo Sales Agreement</u> & verify that I am over the age of 18." Morey Decl., ¶¶ 9-10.  The notice was in the same size font and format as the surrounding text and therefore was "displayed in a font size and

6

format such that the court can fairly assume that a reasonably prudent Internet user would have seen it." *Berman*, 30 F.4th at 856; *see* Morey Decl., ¶¶ 9-11. The notice also utilized a contrasting font color—black—as compared to the background—white. *See* Morey Decl., ¶¶ 9-11. Further, the notice was in a standalone sentence on a webpage lacking in clutter. *See id.* And, the hyperlink was underlined, distinguishing it from the surrounding text.[4] *See id.*

Courts have found analogous notices to be reasonably conspicuous and thus create enforceable contracts. *See, e.g.*, *Keebaugh v. Warner Bros. Ent. Inc.*, 100 F.4th 1005, 1020-21 (9th Cir. 2024) (notice was reasonably conspicuous where notice of Terms of Use was provided "[d]irectly beneath the operative Play button," the notice used "a contrasting font color making [it] legible on the dark background," and the screen "lack[ed] clutter"); *Whalen*, 2025 WL 1948591, at *5-6 (reasonably conspicuous notice where Subscriber Agreement was "contained within a short paragraph in dark grey text against a white background," located "directly above the 'Agree and Subscribe' button," and "[t]he hyperlinks [were] underlined"); *Dohrmann v. Intuit, Inc.*, 823 F. App'x 482, 484 (9th Cir. 2020) (reasonably conspicuous notice where Terms of Use "were the only text on the webpage in italics, located directly below the sign-in button, and the sign-in page was relatively uncluttered").

### ii. Plaintiff Unambiguously Manifested His Assent to the Sales Agreement.

The Sales Agreement explicitly informed Plaintiff in its opening preamble that "BY PLACING AN ORDER ON LENOVO.COM OR ACCEPTING PRODUCTS SUBJECT TO THIS AGREEMENT, YOU . . . ACKNOWLEDGE THAT YOU HAVE READ THIS AGREEMENT; UNDERSTAND IT; AND THAT YOU AGREE TO BE LEGALLY BOUND BY ITS TERMS AND CONDITIONS." Morey Decl., Ex. 2. By affirmatively selecting "Place Order," Plaintiff manifested his assent that "[he] ha[d] read and agree[d] to the . . . <u>Lenovo Sales Agreement</u>" as stated directly below the "Place Order" button. Morey Decl., ¶¶ 9-10, 13; *see Van Den Heuvel v. Expedia Travel*, 2017 WL 5133279, at *2-3 (E.D. Cal. Nov. 6, 2017) (finding agreement enforceable where Plaintiff was "required to acknowledge that he 'read

---

[4] Further, "the full context of any transaction is critical to determining whether any particular notice is sufficient to put a consumer on inquiry notice of contractual terms contained on a separate, hyperlinked page." *Whalen v. NBA Props., Inc.*, 2025 WL 1948591, at *4 (N.D. Cal. July 16, 2025) (Breyer, J.) (quoting *Sellers v. JustAnswer LLC*, 73 Cal. App. 5th 444, 453 (2021)). "[W]hether the user provides their credit card"—as Plaintiff did here, *see* Morey Decl., ¶ 4—is a "relevant factor" that should have put Plaintiff on alert for contractual terms. *Whalen*, 2025 WL 1948591, at *4.

7

and accepted" the agreement "before purchasing the airline ticket" and "affirmatively assented" to it "by clicking the 'complete booking' button").

> iii.   *The Arbitration Agreement was Validly Incorporated by Reference into the Sales Agreement.*

"Under California law," incorporation by reference requires that (1) "the reference to another document was clear and unequivocal;" (2) "the reference was called to the attention of the other party, who consented to that term;" and (3) "the terms of the incorporated documents were known or easily available to the contracting parties." *Whalen*, 2025 WL 1948591, at \*6 (quoting *Kleveland v. Chi. Title Ins. Co.*, 141 Cal. App. 4th 761, 765 (2006)).  These criteria are satisfied here.  The reference to the Arbitration Agreement in the Sales Agreement was clear and unequivocal:  "THIS AGREEMENT IS SUBJECT TO A REQUIREMENT THAT DISPUTES MUST BE RESOLVED IN BINDING, INDIVIDUAL ARBITRATION, NOT IN COURT . . . SEE THE **ARBITRATION AGREEMENT PAGE** FOR FULL DETAILS AND OPT-OUT INSTRUCTIONS."  Morey Decl., Ex. 2 (emphasis in original).  The reference to the Arbitration Agreement was called to Plaintiff's attention in capitalized letters with the "Arbitration Agreement Page" hyperlink both bolded and underlined.  *Id*.  And, the Arbitration Agreement was easily available to Plaintiff by clicking on the hyperlink.  *Id*.  This is sufficient.  *Whalen*, 2025 WL 1948591, at \*6 (Terms of Use were incorporated into the Subscriber Agreement where the Agreements "state[d] that the consumer consents to the incorporated terms of use by subscribing" and "provide[d] hyperlinks to the incorporated documents in bright blue font").

> 2.   The Class Action Waiver is Enforceable and Requires Striking Plaintiff's Class Allegations.

The waiver is enforceable and requires striking Plaintiff's class allegations.  *See BHS Law LLP v. BMO Bank N.A.*, 2026 WL 381814, at \*8 (N.D. Cal. Feb. 11, 2026) (enforcing class action waiver according to its terms and dismissing class action claims from complaint); *Uber Techs.*, 131 F.4th at 673 n.6 ("Class action waivers contained in arbitration agreements are enforceable[.]").  And the Arbitration Agreement requires that "interpretation of this Agreement's class action waiver" must be decided by the Court—not the arbitrator.  *See* Morey Decl., Ex. 3 ("'Disputes' that must be resolved by the arbitrator, and not a court, include disputes over enforceability of any provision of any agreement between you and

8

Lenovo, *except for interpretation of this Agreement's class action waiver*, and disputes over whether a particular claim is arbitrable.") (emphasis added); *id.* ("Disputes over the enforceability of this bar on class arbitrations or class or representative proceedings for non-arbitrable disputes are the only Disputes between us that must be presented to a court of competent jurisdiction, rather than an arbitrator.").

The waiver is not procedurally unconscionable because Plaintiff had an opportunity to opt out. *Mohammed v. Uber Techs, Inc.*, 848 F.3d 1201, 1211 (9th Cir. 2016) ("the threshold inquiry in California's unconscionability analysis is whether the arbitration agreement is adhesive," and "an arbitration agreement is not adhesive if there is an opportunity to opt out") (citations omitted). "Because the [waiver is] not procedurally unconscionable, and because both procedural and substantive unconscionability must be present in order for an agreement to be unenforceable," the waiver is enforceable. *Id*.

The waiver also creates ascertainability and predominance issues. The putative class necessarily includes persons, including Plaintiff, who are bound to arbitrate and barred from participating in class actions. Determining which putative class members agreed to arbitrate and waived their ability to participate in class actions is an individualized issue that predominates over class-wide issues and precludes ascertainability class. Fed. R. Civ. P. 23(b)(3); *see Andrade v. Am. First Fin., Inc.*, 2022 WL 3369410, at *5 (N.D. Cal. Aug. 16, 2022) (denying class certification; "it would not be practical or superior" to adjudicate a case as a class action where "separate mini-trials would be required to determine whether each individual were allowed to proceed in the litigation" based on arbitration agreement).

**B.     Plaintiff's Nationwide Unjust Enrichment Class Allegations Separately Must Be Stricken Due to the Material Differences in State Law.**

Even if the Court finds the class action waiver unenforceable (it is not), Plaintiff's nationwide unjust enrichment claims must be stricken. *See* Compl. ¶¶ 110.h, 187-199. "The elements necessary to establish a claim for unjust enrichment . . . vary materially from state to state." *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 591 (9th Cir. 2012), *overruled on other grounds by Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022). "And because the laws of all 50 states are implicated," Plaintiff cannot show "that common questions of fact or law predominate over individualized issues – or that a class action would be manageable." *Phan v. Sargento Foods, Inc.*, 2021

9

WL 2224260, at *8 (N.D. Cal. June 2, 2021) (striking nationwide unjust enrichment claim where a singular plaintiff sought to "certify one entire nationwide class involving 50 different state laws"). Indeed, "[n]o court in this Circuit has certified a nationwide unjust enrichment class since *Mazza*." *Stitt v. Citibank*, 2015 WL 9177662, at *4 n.4 (N.D. Cal. Dec. 17, 2018); *see also Phan*, 2021 WL 2224260, at *8 (recognizing same). Accordingly, Plaintiff's nationwide unjust enrichment allegations should be stricken. *Pistacchio v. Apple Inc.*, 2021 WL 949422, at *3 (N.D. Cal. Mar. 11, 2021) (striking nationwide class allegations related to unjust enrichment claim).

## VI.  CONCLUSION

Lenovo respectfully requests that the Court strike Plaintiff's class allegations.

Dated: May 4, 2026     By:   **AKIN GUMP STRAUSS HAUER & FELD LLP**

*/s/ Laura D. Smolowe*
Laura D. Smolowe
Lauren E. Huennekens
1999 Avenue of the Stars, Suite 600
Los Angeles, CA  90067

Ashley Vinson Crawford
Fatima Bishtawi
**AKIN GUMP STRAUSS HAUER & FELD LLP**
100 Pine Street, Suite 3200
San Francisco, CA 94111

Elizabeth Scott (*pro hac vice*)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2300 N. Field Street, Suite 1800
Dallas, TX 75201

Attorneys for Defendant
LENOVO (UNITED STATES) INC.

10