**AKIN GUMP STRAUSS HAUER & FELD LLP**
LAURA D. SMOLOWE (SBN 263012)
lsmolowe@akingump.com
LAUREN E. HUENNEKENS (SBN 328855)
lhuennekens@akingump.com
1999 Avenue of the Stars, Suite 600
Los Angeles, CA 90067
Telephone:        +1 310.229.1000
Facsimile:        +1 310.229.1001

**AKIN GUMP STRAUSS HAUER & FELD LLP**
ASHLEY VINSON CRAWFORD (SBN  257246)
avcrawford@akingump.com
FATIMA BISHTAWI (SBN 363224)
fbishtawi@akingump.com
100 Pine Street, Suite 3200
San Francisco, CA 94111
Telephone:        +1 415.765.9500
Facsimile:        +1 415.765.9501

**AKIN GUMP STRAUSS HAUER & FELD LLP**
ELIZABETH SCOTT (*pro hac vice*)
edscott@akingump.com
2300 N. Field Street, Suite 1800
Dallas, TX 75201
Telephone:        +1 214.969.2800
Facsimile:        +1 214.969.4343

Attorneys for Defendant
LENOVO (UNITED STATES) INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| SPENCER CHRISTY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LENOVO (UNITED STATES) INC.,<br><br>Defendant. | Case No. 3:26-cv-01133-CRB<br><br>**DEFENDANT LENOVO (UNITED STATES) INC.'S NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>Date:        September 18, 2026<br>Time:        10:00 a.m.<br>Location:    Courtroom 6 – 17th Floor<br><br>Date Action Filed: February 5, 2026 |

# **TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION AND MOTION (CIVIL L.R. 7-2(B)(2)).....................................................1

RELIEF REQUESTED (CIVIL L.R. 7-2(B)(3)) ...........................................................................1

SUMMARY OF ARGUMENT (GENERAL STANDING ORDER § I(C)) .....................................1

MEMORANDUM OF POINTS AND AUTHORITIES.................................................................4

I.     INTRODUCTION ..............................................................................................................4

II.    FACTUAL BACKGROUND .............................................................................................5

III.   STATEMENT OF ISSUES TO BE DECIDED (CIVIL L.R. 7-4(A)(3)) .........................6

IV.    THE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT....................................7

       A.    Plaintiff Fails to Allege Article III Standing. ........................................................7

       B.    Plaintiff Fails to State Claims for Violation of the ECPA and CIPA. ...............8

             1.    Plaintiff Does Not Allege any Content was Intercepted While in Transit. ......................................................................................8

             2.    Plaintiff Does Not Allege any "Confidential Communications" Under CIPA. ...................................................................................10

             3.    Lenovo, a Party to the Communications, is Exempt Under the ECPA and CIPA. .................................................................................11

             4.    Plaintiff Cannot Overcome the ECPA's One Party Consent Rule.......................12

             5.    Consent Also Bars Plaintiff's CIPA Claims. .........................................13

       C.    Plaintiff Fails to Allege Constitutional Privacy Claims (Counts Five and Six).............14

       D.    Plaintiff Fails to State a Violation of the CDAFA (Count Seven)...................15

       E.    Plaintiff Fails to Allege a Violation of the UCL (Count Eight). ...................16

       F.    Plaintiff Fails to State a Claim for Unjust Enrichment (Count Four). ...........17

V.     CONCLUSION.................................................................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allison v. PHH Mortg.*,
2026 WL 899438 (N.D. Cal. Mar. 27, 2026)................................................................4, 15, 16

*In re Apple Data Priv. Litig.*,
2026 WL 146025 (N.D. Cal. Jan. 20, 2026) ...................................................................2, 11

*Astiana v. Hain Celestial Grp., Inc.*,
783 F.3d 753 (9th Cir. 2015) ........................................................................................3, 17

*Bass v. Facebook, Inc.*,
394 F. Supp. 3d 1024 (N.D. Cal. 2019) .............................................................................16

*Brodsky v. Apple Inc.*,
445 F. Supp. 3d 110 (N.D. Cal. 2020) .............................................................................2, 9

*Cabera v. Fox TV Stations, LLC*,
2025 WL 3526975 (N.D. Cal. Dec. 9, 2025)........................................................................4

*Campbell v. Facebook Inc.*,
77 F. Supp. 3d 836 (N.D. Cal. Dec. 23, 2014).................................................................11

*Cody v. Boscov's, Inc.*,
658 F. Supp. 3d 799 (C.D. Cal. 2023) .............................................................................11

*Cottle v. Plaid Inc.*,
536 F. Supp. 3d 461 (N.D. Cal. 2021) .............................................................................15

*Crano v. Sojern, Inc.*,
2025 WL 2689267 (N.D. Cal. Sept. 19, 2025) ......................................................3, 12, 17

*Davidson v. Kimberly-Clark Corp.*,
889 F.3d 956 (9th Cir. 2018) ...........................................................................................1, 8

*Doe I v. Google LLC*,
741 F. Supp. 3d 828 (N.D. Cal. 2024) ..............................................................................12

*Doe v. Cnty. of Santa Clara*,
2024 WL 3346257 (N.D. Cal. July 8, 2024)......................................................................15

*Doe v. Eating Recovery Center LLC*,
806 F. Supp. 3d 1109 (N.D. Cal. Oct. 17, 2025) .............................................................8, 9

*Doe v. Meta Platforms, Inc.*,
2023 WL 5837443 (N.D. Cal. Sept. 7, 2023) ...................................................................15

*In re Facebook, Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020) ..........................................................................................2, 11

ii

*Gonzales v. Uber Techs., Inc.*,
   305 F. Supp. 3d 1078 (N.D. Cal. Apr. 18, 2018) ................................................................10

*In re Google, Inc. Privacy Policy Litig.*,
   58 F. Supp. 3d 968 (N.D. Cal. 2014) ................................................................................15

*Graham v. Noom, Inc.*,
   533 F. Supp. 3d 823 (N.D. Cal. 2021) ........................................................................10, 11

*Hall v. Time Inc.*,
   158 Cal. App. 4th 847 (2008) ......................................................................................4, 16

*Hammerling v. Google LLC*,
   615 F. Supp. 3d 1069 (N.D. Cal. 2022) (Breyer, J.) ...........................................3, 14, 15

*Heiting v. Taro Pharms. USA, Inc.*,
   709 F. Supp. 3d 1007 (C.D. Cal. 2023) ............................................................3, 9, 15

*Hubbard v. Google LLC*,
   2024 WL 3302066 (N.D. Cal. July 1, 2024)....................................................................3, 14

*Innerline Eng'g, Inc. v. Operating Eng'rs Health & Welfare Trust Fund*,
   2022 WL 16924105 (N.D. Cal. Nov. 14, 2022) ............................................................1, 8

*In re iPhone App. Litig.*,
   844 F. Supp. 2d 1040 (N.D. Cal. June 12, 2012)........................................................10, 15

*Javier v. Assurance IQ, LLC*,
   649 F. Supp. 3d 891 (N.D. Cal. Jan. 5, 2023) (Breyer, J.)..............................................11

*Katz-Lacabe v. Oracle Am., Inc.*,
   668 F. Supp. 3d 928 (N.D. Cal. 2023) ................................................................3, 12, 17

*Khamooshi v. Politico LLC*,
   2025 WL 2822879 (N.D. Cal. Oct. 2, 2025)......................................................................8

*King v. Hard Rock Café Int'l (USA), Inc.*,
   2025 WL 1635419 (E.D. Cal. June 9, 2025) ................................................................10, 11

*Konop v. Hawaiian Airlines, Inc.*,
   302 F.3d 868 (9th Cir. 2002) ......................................................................................2, 8

*Krzyzek v. OpenX Techs., Inc.*,
   2026 WL 206855 (N.D. Cal. Jan. 27, 2026) ............................................................2, 8, 12

*Kwikset Corp. v. Superior Court*,
   51 Cal. 4th 310 (2011) ......................................................................................4, 16

*Lakes v. Ubisoft, Inc.*,
   777 F. Supp. 3d 1047 (N.D. Cal. 2025) ........................................................................3, 12, 14

*Libman v. Apple, Inc.*,
   2024 WL 4314791 (N.D. Cal. Sept. 26, 2024) ........................................................4, 14, 16

iii

*Licea v. Am. Eagle Outfitters, Inc.*,
   659 F. Supp. 3d 1072 (C.D. Cal. 2023) ................................................................................9

*Lopez v. Washington Mut. Bank, FA*,
   302 F.3d 900 (9th Cir. 2002) .........................................................................................4, 16

*Low v. LinkedIn Corp.*,
   900 F. Supp 2d 1010 (N.D. Cal. 2012) ...............................................................................14

*Mastel v. Miniclip SA*,
   549 F. Supp. 3d 1129 (E.D. Cal. 2021)................................................................................8

*Medina v. Safe-Guard Prods., Int'l, Inc.*,
   164 Cal. App. 4th 105 (2008) ...............................................................................................16

*Mikulsky v. Bloomingdale's, LLC*,
   713 F. Supp. 3d 833 (S.D. Cal. 2024)..................................................................................10

*NovelPoster v. Javitch Canfield Grp.*,
   140 F. Supp. 3d 938 (N.D. Cal. Aug. 4, 2014) .....................................................................8

*Pac. Steel Grp. v. CMC Steel Fabricators, Inc.*,
   2023 WL 6186679 (S.D. Cal. Mar. 10, 2023) ...................................................................4, 17

*Perez v. Romantix Online, Inc.*,
   2025 WL 3085786 (N.D. Cal. Oct. 17, 2025).....................................................................16

*Planned Parenthood Fed'n of Am., Inc.*,
   51 F.4th 1125 (9th Cir. 2022) ........................................................................................2, 13

*Popa v. Microsoft Corp.*,
   153 F.4th 784 (9th Cir. 2025) .....................................................................................1, 7, 8

*Rodriguez v. Google LLC*,
   2021 WL 2026726 (N.D. Cal. May 21, 2021) .....................................................................12

*Rodriguez v. Google LLC*,
   2022 WL 214552 (N.D. Cal. Jan. 25, 2022) ........................................................................9

*Rusow v. SkinSpirit Essential LLC*,
   2025 WL 4657637 (N.D. Cal. Oct. 15, 2025) (Breyer, J.) ....................................... *passim*

*Saedi v. SPD Swiss Precision Diagnostics GmbH*,
   2025 WL 1141168 (C.D. Cal. Feb. 27, 2025).................................................................3, 13

*Sarhadi v. Pear Health Labs, Inc.*,
   2025 WL 1350033 (N.D. Cal. Apr. 18, 2025) ......................................................................4

*Sepanossian v. Nat'l Ready Mix Co., Inc.*,
   97 Cal. App. 5th 192 (2023) ..........................................................................................3, 17

*Silver v. Stripe, Inc.*,
   2021 WL 3191752 (N.D. Cal. July 28, 2021)......................................................................14

iv

*In re Sony PS3 "Other OS" Litig. v. Sony Computer Entm't Am., Inc.*,
    551 F. App'x 916 (9th Cir. 2014) ...............................................................................................3, 17

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016)...............................................................................................................7

*Thomas v. Papa Johns Int'l, Inc.*,
    2024 WL 2060140 (S.D. Cal. May 8, 2024)..........................................................................3, 14

*Torres v. Prudential Financial, Inc.*,
    2025 WL 1135088 (N.D. Cal. Apr. 17, 2025) ....................................................................2, 8, 9

*Tsering v. Meta Platforms, Inc.*,
    2026 WL 89320 (N.D. Cal. Jan. 12, 2026) ..........................................................................3, 15

*In re USA Today Co., Inc. Internet Tracking Litig.*,
    2026 WL 932655 (N.D. Cal. Apr. 6, 2026) ...............................................................................8

*Valenzuela v. Keurig Green Mountain, Inc.*,
    674 F. Supp. 3d 751 (N.D. Cal. 2023) ......................................................................................9

*Valenzuela v. Nationwide Mut. Ins. Co.*,
    686 F. Supp. 3d 969 (C.D. Cal. 2023) ....................................................................................11

*In re Vizio, Inc., Consumer Privacy Litig.*,
    238 F. Supp. 3d 1204 (C.D. Cal. 2017) ....................................................................................9

*Williams v. What If Holdings, LLC*,
    2022 WL 17869275 (N.D. Cal. Dec. 22, 2022) ......................................................................11

*In re Yahoo Mail Litig.*,
    7 F. Supp. 3d 1016 (N.D. Cal. 2014) .................................................................................12, 14

*Yoon v. Lululemon USA, Inc.*,
    549 F. Supp. 3d 1073 (C.D. Cal. 2021) ..................................................................................10

*Zadrozny v. Bank of N.Y. Mellon*,
    720 F.3d 1163 (9th Cir. 2013) ................................................................................................17

*In re Zynga Privacy Litig.*,
    750 F.3d 1098 (9th Cir. 2014) ........................................................................................2, 3, 10

**Statutes**

18 U.S.C.
    § 2510(8)................................................................................................................................2, 9
    § 2511(1)(a) ...........................................................................................................................2, 8
    § 2511(1)(d) ...........................................................................................................................2, 8
    § 2511(2)(c) .........................................................................................................................2, 12
    § 2511(2)(d) ....................................................................................................................2, 11, 12

Cal. Penal Code
§ 502(c)(2) ...............................................................................................................15, 16
§ 502(c)(3) .................................................................................................................4, 16
§ 502(e)(1) .................................................................................................................3, 15
§ 631(a) ...................................................................................................................*passim*
§ 632(a) .................................................................................................................2, 3, 10
§ 632(b) ...........................................................................................................................2
§ 632(c) ...................................................................................................................2, 10

**Other Authorities**

28 C.F.R.
§ 202.......................................................................................................................................5
§ 202.210...........................................................................................................................12
§ 202.214(b)(2) ...............................................................................................................12
§ 202.214(b)(9) ...........................................................................................................2, 12
§ 202.401(a) .................................................................................................................2, 12
§ 202.505...............................................................................................................................2
§ 202.505(a)(4) ...............................................................................................................12
§ 202.505(b)(5) ...............................................................................................................13

Civil L.R. 7-2(B)(3) ...........................................................................................................1, 6

Fed. R. Civ. Proc.
12(b)(1) ..............................................................................................................................1
12(b)(6) ..............................................................................................................................1

## NOTICE OF MOTION AND MOTION (CIVIL L.R. 7-2(B)(2))

**PLEASE TAKE NOTICE** that on September 18, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Charles Robert Breyer, Courtroom 6 – 17th Floor, located at United States District Court for the Northern District of California, San Francisco Division, 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Lenovo (United States) Inc. ("Lenovo") will and hereby does move to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  This Motion is based upon this Notice of Motion and Motion, Memorandum of Points and Authorities, concurrently filed Request for Judicial Notice ("RJN") and Declaration of Kevin Morey in Support of the RJN, as well as the exhibits attached thereto, the Court's files, the arguments of counsel, and any other matter that the Court may consider.

## RELIEF REQUESTED (CIVIL L.R. 7-2(B)(3))

Lenovo requests that the Court dismiss the Complaint with prejudice pursuant to Rules 12(b)(1) and 12(b)(6).

## SUMMARY OF ARGUMENT (GENERAL STANDING ORDER § I(C))[1]

**No Article III Standing.**  Plaintiff has not alleged a concrete injury in fact, as he does not allege that Lenovo collected any embarrassing, invasive, or otherwise private information, nor does Plaintiff allege that Lenovo's purported collection caused him to experience a harm remotely similar to the highly offensive interferences or disclosures that were actionable at common law.  *Popa v. Microsoft Corp.*, 153 F.4th 784, 789-91 (9th Cir. 2025).

**No Standing to Seek Injunctive and Declaratory Relief.**  Plaintiff fails to allege any future harm, alleging only past injury.  *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018); *Innerline Eng'g, Inc. v. Operating Eng'rs Health & Welfare Trust Fund*, 2022 WL 16924105, at *3 (N.D. Cal. Nov. 14, 2022).

---

[1] Pursuant to Judge Breyer's General Standing Order for Civil and Criminal Cases, Lenovo has included this summary of argument as its brief exceeds 10 pages in length.  Lenovo understands that per the General Standing Order, this summary of argument does not count towards the 15 page limit for this brief.  *See id.,* § I(C).

1

**Electronic Communication Privacy Act ("ECPA") (Count One); California Invasion of Privacy Act ("CIPA") Section 631 (Count Two); and CIPA Section 632 (Count Three).** Plaintiff's wiretapping claims fail for the following reasons:

- As to the ECPA and Section 631, Plaintiff fails to allege any interception occurred while the communication was in transmission. 18 U.S.C. §§ 2511(1)(a), (d); Cal. Penal Code § 631(a); *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002); *Torres v. Prudential Financial, Inc.*, 2025 WL 1135088, at *5 (N.D. Cal. Apr. 17, 2025) (Breyer, J.).

- As to the ECPA and Section 631, Plaintiff fails to allege any content was intercepted. 18 U.S.C. § 2510(8); Cal. Penal Code § 631; *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 127 (N.D. Cal. 2020); *In re Zynga Privacy Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014).

- As to Section 632, Plaintiff fails to allege any confidential communications were at issue. Cal. Penal Code §§ 632(a), (c); *In re Apple Data Priv. Litig.*, 2026 WL 146025, at *5 (N.D. Cal. Jan. 20, 2026).

- As a party to the purported communications, Lenovo cannot be held liable under either the ECPA or CIPA. 18 U.S.C. §§ 2511(2)(d); Cal. Penal Code §§ 631(a), 632(b); *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 607 (9th Cir. 2020).

- One-party consent is a complete defense under the ECPA, and Lenovo indisputably consented to the purported collection. 18 U.S.C. §§ 2511(2)(c), (d); *Krzyzek v. OpenX Techs., Inc.*, 2026 WL 206855, at *8 (N.D. Cal. Jan. 27, 2026). Plaintiff's invocation of the crime-tort exception to attempt to override consent—alleging that Lenovo's purported purpose in intercepting his data was to violate the Department of Justice's ("DOJ") Bulk Data Transfer Rule ("BTDR")—fails for at least two reasons: (1) Lenovo's alleged conduct is exempt and does not fall within the scope of the BDTR, *see* 28 C.F.R. § 202.505; 28 C.F.R. §§ 202.214(b)(9), 202.401(a); and (2) Plaintiff fails to allege that Lenovo collected the data with a criminal purpose separate and independent from the alleged interception, *see Rusow v. SkinSpirit Essential LLC*, 2025 WL 4657637, at *15 (N.D. Cal. Oct. 15, 2025) (Breyer, J.); *Planned Parenthood Fed'n of Am., Inc.*, 51 F.4th 1125, 1136 (9th Cir. 2022). To the extent Plaintiff attempts to invoke the crime-tort exception based on

DEFENDANT LENOVO (UNITED STATES) INC.'S
NOTICE OF MOTION AND MOTION TO DISMISS                    Case No. 3:26-cv-01133-CRB

his other claims, this also fails as Plaintiff fails to state these claims. *Saedi v. SPD Swiss Precision Diagnostics GmbH*, 2025 WL 1141168, at \*13 (C.D. Cal. Feb. 27, 2025).

- As to the CIPA, Plaintiff also consented to the alleged conduct and therefore Plaintiff cannot show that the collection was without the consent of all parties to the communication. Cal. Penal Code §§ 631(a), 632(a); *Rusow*, 2025 WL 4657637, at \*9.

**Unjust Enrichment (Count Four).** Plaintiff's unjust enrichment claim fails because: (1) unjust enrichment is not a cause of action, *see Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015); *Sepanossian v. Nat'l Ready Mix Co., Inc.*, 97 Cal. App. 5th 192, 206 (2023); (2) even if it were, the unjust enrichment claim fails alongside Plaintiff's remaining claims, *see Crano v. Sojern, Inc.*, 2025 WL 2689267, at \*9 (N.D. Cal. Sept. 19, 2025); (3) Plaintiff has an adequate remedy at law, *see In re Sony PS3 "Other OS" Litig. v. Sony Computer Entm't Am., Inc.*, 551 F. App'x 916, 923 (9th Cir. 2014); and (4) Plaintiff fails to allege that Lenovo unjustly retained a benefit at his expense, as he does not allege any loss of value in his data, *see Katz-Lacabe v. Oracle Am., Inc.*, 668 F. Supp. 3d 928, 946 (N.D. Cal. 2023).

**Invasion of Privacy (Count Five) and Intrusion Upon Seclusion (Count Six).** Plaintiff fails to state his invasion of privacy claim because: (1) he has no reasonable expectation of privacy in his internet browsing, *see Hubbard v. Google LLC*, 2024 WL 3302066, at \*7 (N.D. Cal. July 1, 2024); *Thomas v. Papa Johns Int'l, Inc.*, 2024 WL 2060140, at \*2 (S.D. Cal. May 8, 2024); (2) he has no reasonable expectation of privacy in the purportedly collected data, *see Zynga*, 750 F.3d at 1107-08; and (3) Plaintiff consented to the purported collection, *see Lakes v. Ubisoft, Inc.*, 777 F. Supp. 3d 1047, 1051-52, 1057 (N.D. Cal. 2025). Plaintiff fails to state an intrusion upon seclusion claim because the alleged conduct is routine commercial behavior that is not secret and not highly offensive. *Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1090-91 (N.D. Cal. 2022) (Breyer, J.); *Tsering v. Meta Platforms, Inc.*, 2026 WL 89320, at \*7 (N.D. Cal. Jan. 12, 2026).

**Comprehensive Computer Data Access and Fraud Act ("CDAFA") (Count Seven).** Plaintiff fails to state a CDAFA claim because: (1) Plaintiff lacks standing as he has not alleged any damage to a computer system, network, program, or data on a computer, *see* Cal. Penal Code § 502(e)(1); *Heiting v. Taro Pharms. USA, Inc.*, 709 F. Supp. 3d 1007, 1021 (C.D. Cal. 2023); (2) Plaintiff does not allege that

3

there was an access to his computer or any contaminant introduced to his computer, *Allison v. PHH Mortg.*, 2026 WL 899438, at \*7 (N.D. Cal. Mar. 27, 2026); and (3) Plaintiff cannot establish any conduct was without permission, as he consented to the purported data collection, Cal. Penal Code § 502(c)(3).

**California's Unfair Competition Law ("UCL") (Count Eight).**  Plaintiff fails to state a UCL claim because: (1) Plaintiff does not allege an injury in fact as a result of the alleged conduct as required to establish standing, *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (2011); *Hall v. Time Inc.*, 158 Cal. App. 4th 847, 855 (2008); *Libman v. Apple, Inc.*, 2024 WL 4314791, at \*18 (N.D. Cal. Sept. 26, 2024); and (2) Plaintiff does not allege any unlawful or unfair conduct, as both claims are predicated upon his other claims which likewise fail, *Lopez v. Washington Mut. Bank, FA*, 302 F.3d 900, 907 (9th Cir. 2002); *Pac. Steel Grp. v. CMC Steel Fabricators, Inc.*, 2023 WL 6186679, at \*7 (S.D. Cal. Mar. 10, 2023).

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION[2]

Plaintiff Spencer Christy alleges that Lenovo used tracking technologies to collect of his data when he visited Lenovo's website at www.lenovo.com/us/en (the "Website") to purchase a computer in violation of federal and state law, even though he was provided notice of—and consented to—the precise conduct about which he now complains.  These claims seek to contort decades-old statutes that make no sense as applied to the internet in an effort to criminalize routine internet activity.  The claims fail as a matter of law.

*First*, Plaintiff's wiretapping claims fail.  The ECPA and Section 631 of the CIPA claims fail because Plaintiff does not allege that any "content" was intercepted while "in transit."  The CIPA Section 632 claim also fails because Plaintiff does not allege a confidential communication.  His ECPA and CIPA claims separately fail because Plaintiff and Lenovo consented to the alleged conduct.  Plaintiff's attempt to evade the one-party consent rule under the ECPA by invoking the crime-tort exception fails because

---

[2] Lenovo files this Motion to Dismiss concurrently with its Motion to Compel Arbitration and without waiver of its arbitration rights.  *See Cabera v. Fox TV Stations, LLC*, 2025 WL 3526975, at \*3 (N.D. Cal. Dec. 9, 2025) ("Cabrera's closing challenge is that Fox waived arbitration by filing a motion to dismiss at about the same time as the motion to compel. The suggestion borders on the frivolous."); *Sarhadi v. Pear Health Labs, Inc.*, 2025 WL 1350033, at \*4 (N.D. Cal. Apr. 18, 2025) (finding defendant did not wave its right to compel arbitration by filing motion to dismiss).

4

(1) Lenovo's alleged data transfer at issue here is exempt from the BDTR[3], which prohibits transferring bulk U.S. sensitive personal data to certain "Countries of Concern"; and (2) Plaintiff alleges no criminal or tortious purpose apart from the alleged interception itself.

*Second*, Plaintiff's invasion of privacy and intrusion upon seclusion claims fail because Plaintiff does not and cannot allege a reasonable expectation of privacy in his internet browsing or that Lenovo engaged in any highly offensive intrusion of his privacy.

*Third*, Plaintiff fails to allege a violation of the CDAFA because he lacks statutory standing, fails to allege that the data purportedly taken was "from" his "computer" or "without permission," and consented to the collection of his data.

*Finally*, Plaintiff's remaining claims fail.  Plaintiff does not have statutory standing to assert a UCL claim and he fails to allege any "unlawful" or "unfair" conduct; his unjust enrichment claim is not a proper cause of action and, even if it were, Plaintiff fails to allege any unlawful conduct, the lack of an adequate remedy at law, or Lenovo's retention a benefit at his expense; and his requested injunctive and declaratory relief is based on allegations of past harms.

Thus, Lenovo respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice.

## II.    FACTUAL BACKGROUND

Lenovo "makes, markets, and sells computers, computer accessories, and related products like tablets, monitors, servers, and storage." Compl. ¶ 26.  Plaintiff alleges that in November and December of 2025, he visited the Website on multiple occasions—navigating product pages and searching the Website for a Legion Tower 7i Gen 10 (Intel) with RTX™ 5080, a gaming computer.  *Id.* ¶¶ 95-96. Plaintiff does not specify any particular webpages or URLs that he visited, but Plaintiff ultimately purchased the Legion Tower 7i Gen 10 (Intel) with RTX™ 5080.  *Id.* ¶ 97.

Plaintiff alleges that while viewing the Website, his browser loaded third-party "Tracking Technologies"—i.e., cookies or scripts—that Lenovo deployed on its Website, which collected his data. *Id.* ¶¶ 13, 57-58, 64.  Plaintiff alleges that Lenovo then used his data for its own purposes, *id.* ¶¶ 13-14,

---

[3] The BDTR is entitled "Preventing Access to U.S. Sensitive Personal Data and Government-related Data by Countries of Concern or Covered Persons" and codified at 28 C.F.R. Part 202.

5

127, 134, and transferred his data to its parent company, Lenovo Group Limited, "a Hong Kong-incorporated multinational technology company . . . headquartered in Beijing, China." *Id*. ¶ 27.

Based on these allegations, Plaintiff brings eight claims against Lenovo on behalf of himself and a nationwide class, a California subclass, and a California purchaser subclass "whose electronic communications with the Website were intercepted and whose communications and personal data—including persistent identifiers and behavioral activity—was used on or after April 8, 2025." *Id.* ¶ 107.

## III.    STATEMENT OF ISSUES TO BE DECIDED (CIVIL L.R. 7-4(A)(3))

1.    Should the Complaint be dismissed for failure to allege Article III standing?

2.    Should the requests for injunctive and declaratory relief be dismissed for lack of standing?

3.    Should Count One (ECPA) be dismissed because: (a) no content was intercepted during transmission; (b) Lenovo consented; and/or (c) Plaintiff cannot avoid that Lenovo was a party to the alleged communications?

4.    Should Count Two (CIPA Section 631) be dismissed because: (a) no content was intercepted while in transit; (b) Lenovo and Plaintiff consented; and/or (c) Lenovo was a party to the alleged communications?

5.    Should Count Three (CIPA Section 632) be dismissed because: (a) Lenovo and Plaintiff consented; (b) Lenovo was a party to the alleged communication; and/or (c) there was no confidential communication?

6.    Should Count Four (Unjust Enrichment) be dismissed because: (a) unjust enrichment is not a cause of action; (b) there was no unlawful conduct; (c) Plaintiff has an adequate remedy at law; and/or (d) Lenovo retained no benefit at Plaintiff's expense?

7.    Should Counts Five and Six (Invasion of Privacy and Intrusion Upon Seclusion) be dismissed because there was no reasonable expectation of privacy and/or highly offensive conduct?

8.    Should Count Seven (CDAFA) be dismissed because: (a) Plaintiff lacks standing; (b) the data purportedly taken was not from Plaintiff's computer; and/or (c) there was consent?

9.    Should Count Eight (UCL) be dismissed for lack of standing and/or unlawful and unfair conduct?

6

## IV.    <u>THE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT[4]</u>

### A.    Plaintiff Fails to Allege Article III Standing.

Plaintiff has not alleged a "concrete" injury in fact that "actually exist[s]" or is "real, and not abstract." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016) (citations omitted). Article III standing requires a concrete injury even in the context of a statutory violation. *Id.* at 341; *Popa*, 153 F.4th at 789 (statutory standing alone is not enough). The relevant question is "whether the alleged injury to the plaintiff has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts." *Popa*, 153 F.4th at 789 (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 424 (2021)). And because "there exist[s] no free-roaming privacy right at common law," Plaintiff's claims based on intangible harm from a privacy invasion must be "benchmarked" to one of four privacy torts recognized at common law: intrusion upon seclusion, appropriation of another person's name or likeness, publicity given to another person's private life, and publicity that places one in a false light. *Id.* at 792. None of which are alleged or apply here.

*Popa* is instructive. The Ninth Circuit affirmed the dismissal of a complaint for lack of standing in a similar action involving a Pennsylvania wiretapping statute and invasion of privacy and intrusion upon seclusion claims, finding that the plaintiff failed to show the defendant's session replay technology "caused her to experience any kind of harm that is remotely similar to the 'highly offensive' interferences or disclosures that were actionable at common law," but rather was akin "to a store clerk's observing shoppers in order to identify aisles that are particularly popular or to spot problems that disrupt potential sales." *Popa*, 153 F.4th at 787, 791 (contrasting defendants' alleged conduct with hypotheticals in the Restatement (Second) of Torts § 625B cmt. a, such as taking secret intimate pictures through a window or publishing a photo of a nursing woman without consent). Thus, the Court held that the plaintiff did "not plausibly allege the infringement of any such privacy interest." *Id.* at 791.

Plaintiff here likewise fails to allege Lenovo collected any "embarrassing, invasive, or otherwise private information," *id.*, or that Lenovo's alleged collection of his IP address, advertising ID, device ID, cookie data, full-string URLs, referring pages, and device metadata, *see* Compl. ¶¶ 13, 58, 64, caused

---

[4] Lenovo reserves all rights to argue that this matter is governed by New York law pursuant to the choice of law provision in the Lenovo Sales Agreement accepted by Plaintiff. *See* ECF 31-3.

7

him to experience a harm remotely similar to the "highly offensive" interferences or disclosures that were actionable at common law. *Popa*, 153 F.4th at 791; *see also* Section IV.C, *infra.* Thus, he lacks standing. *See id.*; *see also Khamooshi v. Politico LLC*, 2025 WL 2822879, at *2-4 (N.D. Cal. Oct. 2, 2025) (dismissing CIPA, CDAFA, privacy, UCL, and unjust enrichment claims for lack of Article III standing); *In re USA Today Co., Inc. Internet Tracking Litig.*, 2026 WL 932655, at *2-3 (N.D. Cal. Apr. 6, 2026) (dismissing CDAFA, California "trap and trace," invasion of privacy, UCL, and unjust enrichment claims for lack of Article III standing).[5]

### B.    Plaintiff Fails to State Claims for Violation of the ECPA and CIPA.

Plaintiff attempts to take decades-old statutes intended for entirely different technologies and impose extraordinary liability (and statutory damages) in a context that courts in this district have repeatedly remarked is "ill-suited to address modern forms of communication[.]" *Konop*, 302 F.3d at 874. Because of this, the ECPA's and CIPA's application is "undoubtedly limited" here. *NovelPoster v. Javitch Canfield Grp.,* 140 F. Supp. 3d 938, 951 (N.D. Cal. Aug. 4, 2014); *see also Doe v. Eating Recovery Center LLC*, 806 F. Supp. 3d 1109, 1117 (N.D. Cal. Oct. 17, 2025) (observing that CIPA "does not map properly onto the internet"). These claims fail as a matter of law.

#### 1.    Plaintiff Does Not Allege any Content was Intercepted While in Transit.

The ECPA and Section 631 of the CIPA regulate only the interception of contents of communications while in transit. Plaintiff fails to plead either of these elements.

**In Transit.** Both the ECPA (*see* 18 U.S.C. §§ 2511(1)(a), (d)) and the CIPA (*see* Cal. Penal Code § 631(a)) require interception "during transmission" or "contemporaneous with transmission." *Konop*, 302 F.3d at 878 (interpreting ECPA); *Krzyzek*, 2026 WL 206855, at *7 ("in transit" requirement of Section 631 has the "same meaning under the ECPA"). As this Court has held, it is not sufficient that the "software intercepts the contents of Plaintiffs' communications in real time and stores the recording"—rather, the contents of the communication must be "read[] or attempt[ed] to [be] read . . . while they are in transit." *Torres*, 2025 WL 1135088, at *5 (emphasis in original); *see also Mastel v.*

---

[5] Plaintiff also lacks standing to seek injunctive and declaratory relief as he fails to allege that he will be harmed in the future. Compl. ¶¶ 157-158, 172, 186, 222, 243, 250. Plaintiff cannot rest on past injury. *Davidson*, 889 F.3d at 967; *Innerline*, 2022 WL 16924105, at *3.

8

*Miniclip SA*, 549 F. Supp. 3d 1129, 1137 (E.D. Cal. 2021) ("[T]he crucial question . . . is whether . . . [the defendant] read one of [the] communications while it was still in transit, i.e., before it reached its intended recipient."); *Valenzuela v. Keurig Green Mountain, Inc.*, 674 F. Supp. 3d 751, 758 (N.D. Cal. 2023) ("'While' is the key word here.").

Here, Plaintiff's conclusory allegations that the transmissions occur "in real time" and are "initiated automatically during the same browser session in which the user communicates with the Website," Compl. ¶¶ 132-133, are "simply not enough without the addition of specific facts that make it plausible [Lenovo] is intercepting [his] data in transit." *Rodriguez v. Google LLC*, 2022 WL 214552, at *2 (N.D. Cal. Jan. 25, 2022) (dismissing Section 631 claim). Plaintiff does not "explain—even at a high level—how [the alleged] code might plausibly work" or provide "detail as to how the interception occurs," as he must. *Keurig*, 674 F. Supp. 3d at 758; *see also In re Vizio, Inc., Consumer Privacy Litig.*, 238 F. Supp. 3d 1204, 1227-28 (C.D. Cal. 2017) (dismissing ECPA claim).[6]

Moreover, Section 631 requires that Lenovo "do something more than just intercept the communication while it is in transit to be held liable." *Eating Recovery Center*, 806 F. Supp. 3d at 1118; *see* Cal. Penal Code § 631(a). Plaintiff does not allege that Lenovo read, attempted to read, or learned the contents of any communication while the same was in transit, which "requires some effort at understanding the substantive meaning of the message, report or communication." *Torres*, 2025 WL 1135088, at *4 (citation omitted). To the contrary, Lenovo allegedly read, attempted to read, or learned the contents of the communication only ***after*** transmission. Compl. ¶¶ 13-14 (alleging Lenovo facilitated interception and "***then*** used the intercepted communications"), 127 (alleging data was rerouted to "the Tracking Technologies' servers for Defendant's ***later*** use"), 134 (alleging Lenovo's "***subsequent*** use of these communications constitutes an unlawful use") (emphases added).

**Contents.** "Contents" means the "substance, purport, or meaning" of a communication. 18 U.S.C. § 2510(8); Cal. Penal Code § 631; *Brodsky*, 445 F. Supp. 3d at 127 (definition of "contents" is the same under the ECPA and CIPA). "The term 'contents' refers to the intended message conveyed by

---

[6] *See also Heiting*, 709 F. Supp. 3d at 1019 (dismissing Section 631 claim because "in transit" allegations were too conclusory"); *Licea v. Am. Eagle Outfitters, Inc.*, 659 F. Supp. 3d 1072, 1084 (C.D. Cal. 2023) (same).

DEFENDANT LENOVO (UNITED STATES) INC.'S
NOTICE OF MOTION AND MOTION TO DISMISS                    Case No. 3:26-cv-01133-CRB

the communication, and does not include record information regarding the characteristics of the message that is generated in the course of the communication." *Zynga*, 750 F.3d at 1106. "'[C]ontent' is limited to information the user intended to communicate." *In re iPhone App. Litig.*, 844 F. Supp. 2d 1040, 1061 (N.D. Cal. June 12, 2012).

Here, the information Lenovo allegedly collected (IP addresses, advertising IDs, device IDs, cookie data, full-string URLs[7], referring pages, and device meta data, such as screen resolution, browser version, operating system, and language settings) is not content. Compl. ¶¶ 13, 58, 64; *see Zynga*, 750 F.3d at 1107-08 (affirming dismissal, finding "user's Facebook ID and the address of the webpage from which the user's HTTP request to view another webpage was sent" and information about "the address of the Facebook webpage the user was viewing" are not "content").[8] Moreover, because Plaintiff alleges this data was transmitted "automatically," Compl. ¶¶ 132-133, it "does not constitute 'content' susceptible to interception." *iPhone App. Litig.*, 844 F. Supp. 2d at 1061 (granting motion to dismiss where information was "generated automatically"); *Gonzales*, 305 F. Supp. 3d at 1085 (same).

### 2.    Plaintiff Does Not Allege any "Confidential Communications" Under CIPA.

Section 632 of the CIPA applies only to "confidential communication[s]," defined as "any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confided to the parties thereto" and excluding any communications made in a "public" setting and "any other circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded." Cal. Penal Code §§ 632(a),

---

[7] Plaintiff's allegations that the URLs revealed his "search queries" are insufficient because he "does not describe [his] browsing activity, such as what webpages [he] viewed, what buttons [he] clicked, [or] what search terms [he] used." *King v. Hard Rock Café Int'l (USA), Inc.*, 2025 WL 1635419, at *4 (E.D. Cal. June 9, 2025). Nor is it sufficient that the URL allegedly "displayed the specific product" he viewed. Compl. ¶ 100; *Zynga*, 750 F.3d at 1108 ("Information about the address of the Facebook webpage the user was viewing" is not content).

[8] Multiple courts have granted motions to dismiss finding similar information to not be "contents." *See, e.g.*, *Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1082-83 (C.D. Cal. 2021) (keystrokes, mouse clicks, pages viewed, shipping and billing information, the date and time of the visit, the duration of the visit, IP address, location at the time of the visit, browser type, device operating system); *Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 833 (N.D. Cal. 2021) ("IP addresses, locations, browser types, and operating systems"); *King*, 2025 WL 1635419, at *4 ("full-string URLs" and "button clicks"); *Mikulsky v. Bloomingdale's, LLC*, 713 F. Supp. 3d 833, 845 (S.D. Cal. 2024) ("button clicks, mouse movements, scrolling, resizing, touches (for mobile browsers), key presses, page navigation, changes to visual elements in the browsers, [and] network requests"); *Gonzales v. Uber Techs., Inc.*, 305 F. Supp. 3d 1078, 1084-85 (N.D. Cal. Apr. 18, 2018) ("IP address and unique Lyft driver ID").

10

(c).  The communications at issue here were not confidential.  "California courts presume that internet communications do not give rise to a reasonable expectation of privacy, in part because they are written communications that are by their very nature recorded."  *Apple Data Priv.*, 2026 WL 146025, at *5. Moreover, Lenovo provided reasonably conspicuous notice of its data collection practices, to which Plaintiff consented.  *See* Section IV.B.6, *infra*; *see also Campbell v. Facebook Inc.*, 77 F. Supp. 3d 836, 849 (N.D. Cal. Dec. 23, 2014) (collecting cases; dismissing Section 632 claim); *King*, 2025 WL 1635419, at *5-6 (dismissing Section 632 claim for lack of confidentiality).

### 3.    Lenovo, a Party to the Communications, is Exempt Under the ECPA and CIPA.

A party to a communication cannot be liable under the ECPA or CIPA.  18 U.S.C. § 2511(2)(d) (excluding "a party to the communication" from prohibited conduct); Cal. Penal Code §§ 631(a) (conduct must be "unauthorized"), 632(b) (excluding "an individual known by all parties to a confidential communication to be overhearing or recording the communication"); *Facebook*, 956 F.3d at 607 (ECPA and CIPA "contain an exemption from liability for a person who is a 'party' to the communication," and "[c]ourts perform the same analysis for both").

Lenovo is a party to Plaintiff's alleged communications with its Website and therefore cannot be liable.  Compl. ¶¶ 57, 67, 95-99, 127; *Valenzuela v. Nationwide Mut. Ins. Co.*, 686 F. Supp. 3d 969, 975-76 (C.D. Cal. 2023) ("A party to a conversation cannot logically be liable for 'eavesdropping' on a conversation, so a party to a conversation is not liable for learning the contents of that communication."); *see also Javier v. Assurance IQ, LLC*, 649 F. Supp. 3d 891, 897-98 (N.D. Cal. Jan. 5, 2023) (Breyer, J.). Lenovo also cannot be liable under the ECPA "as an accomplice."  *Rusow*, 2025 WL 4657637, at *15. And the CIPA claim likewise fails because Plaintiff does not allege that the Tracking Technologies "are recording [Plaintiff's] information for some use or potential future use beyond simply supplying this information back to [Lenovo]," *Cody v. Boscov's, Inc.*, 658 F. Supp. 3d 799, 782 (C.D. Cal. 2023), or that the Tracking Technologies even have the capability to do so.  *Graham*, 533 F. Supp. at 832-33.[9]

---

[9] *See also Williams v. What If Holdings, LLC*, 2022 WL 17869275, at *3 (N.D. Cal. Dec. 22, 2022) (dismissing Section 631 claim; TrustedForm "was merely a tool that [the website owner] used to record its own communications with plaintiff").

11

4.    Plaintiff Cannot Overcome the ECPA's One Party Consent Rule.

One-party consent is a complete defense to an ECPA claim.  18 U.S.C. §§ 2511(2)(c), (d); *Krzyzek*, 2026 WL 206855, at *8; *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1026 (N.D. Cal. 2014).  Thus, Lenovo's consent to the use of the Tracking Technologies, *see* Compl. ¶¶ 57, 67, 98, 127, bars Plaintiff's claim.  *Katz-Lacabe*, 668 F. Supp. 3d at 945 (dismissing ECPA claim; "Defendant's customers must have chosen to deploy Oracle's tools on their websites" and thus "'one of the parties to the communication'—the websites themselves—gave 'prior consent.'").[10]

Plaintiff alleges that the party exception does not apply because Lenovo's "interception" and "use" of the communications at issue was allegedly undertaken for a criminal purpose—to violate the BDTR.  *See, e.g.*, Compl. ¶ 139; *see* 18 U.S.C. § 2511(2)(d) (not unlawful to intercept a communication where the person is a party to the communication, unless "such communication is intercepted for the purpose of committing any criminal or tortious act").  But Plaintiff does not and cannot plead that the crime-tort exception applies here.  *Lakes*, 777 F. Supp. 3d at 1058 (plaintiff bears burden to show crime-tort exception applies).[11]

*First*, Lenovo's alleged conduct is exempt from the BDTR.  The BDTR's prohibitions "do not apply to . . . [t]he transfer of . . . covered personal identifiers incidental to the purchase and sale of goods and services (such as the purchase, sale, or transfer of consumer products and services through online shopping or e-commerce marketplaces)."  28 C.F.R. § 202.505(a)(4).[12]  Plaintiff's allegations make clear

---

[10] *See also Doe I v. Google LLC*, 741 F. Supp. 3d 828, 842 (N.D. Cal. 2024) (dismissing ECPA claim; "[t]he alleged interception of private health information only occurs because the health care providers choose to install Google source code on their web properties"); *Rodriguez v. Google LLC*, 2021 WL 2026726, at *6 (N.D. Cal. May 21, 2021) (dismissing ECPA claim; interception occurred "with the consent of app developers"); *Crano*, 2025 WL 2689267, at *7 (granting motion to dismiss; website operators as "the parties to the alleged communication . . . consented to [defendant's] involvement").

[11] Even if applicable, the crime-tort exception defeats only consent—it does not alter the conclusion that Plaintiff's ECPA claim fails due to Plaintiff's failure to allege content and interception.

[12] In addition, the alleged conduct does not fall within the BDTR because: (1) it is not a "covered data transaction" under 28 C.F.R. § 202.214(b)(9) and (2) it is not a "restricted transaction" under 28 C.F.R. § 202.401(a).  It is not a "covered data transaction" because Plaintiff does not allege that any data was sold or licensed, or that there otherwise was any commercial transaction, alleging only that Lenovo "provides" or "transfers" this data to Lenovo Group.  Compl. ¶¶ 61, 78, 150.  But this is not enough to show that the transaction involved "data brokerage" as required under 28 C.F.R. § 202.210.  And, it is not a "restricted transaction" because there is no "covered data transaction," as noted, nor is there an allegation of the involvement of a "vendor agreement, employment agreement, or investment agreement" as required under 28 C.F.R. § 202.401(a).

12

that "[a]s part of operating an online marketplace for the purchase and sale of goods, [Lenovo], as ordinarily incident to and part of U.S. consumers' purchase of goods on that marketplace, transfers bulk [covered personal identifiers] to . . . a country of concern" and accordingly, "[t]he data transfers are exempt transactions[.]" *Id*. § 202.505(b)(5); *see* Compl. ¶¶ 95-101.

***Second***, even if not exempt, "[t]he crime-tort exception's 'focus is upon whether the <u>purpose</u> for the interception—its intended use—was criminal or tortious.'" *Rusow*, 2025 WL 4657637, at *15 (citation omitted, emphasis in original). The alleged criminal purpose must be "separate and independent from" the alleged interception. *Planned Parenthood*, 51 F.4th at 1136; *Rusow*, 2025 WL 4657637, at *15 (dismissing ECPA claim). Here, Lenovo allegedly intercepted the communications "for its own purposes, including enriching persistent profiles and databases"—not for a criminal purpose. Compl. ¶ 101. That is insufficient.[13]

5.    <u>Consent Also Bars Plaintiff's CIPA Claims</u>.

The absence of consent is required to state CIPA claims. Cal. Penal Code §§ 631(a) (conduct must be "without the consent of all parties to the communication"), 632(a) (same); *see also Rusow*, 2025 WL 4657637, at *9. As detailed above, Lenovo consented to the alleged conduct. *See* Section IV.B.4, *supra*. Plaintiff consented as well.

On the Website, Plaintiff was presented with a cookie banner that gave him notice of the use of cookies and provided him the opportunity to change his cookie consent preferences. RJN, Ex. 1. The banner explicitly stated, "We use cookies and similar technologies to personalize content and ads and analyze our traffic. By browsing our site or by selecting 'X', you agree to our use of cookies and our sharing of information with our partners." *Id*. The cookie banner also gave Plaintiff the option to "Reject All non-essential cookies." *Id*. From the banner, Plaintiff could navigate to either (a) Lenovo's "Cookie Consent Tool," a pop-up that identified all of the cookies used on the Website, the information collected by each, the purpose for collection, whether the information was shared with third parties, and the option to opt out (*see* RJN, Ex. 2); or (b) Lenovo's Website Privacy Statement, which also identified the

---

[13] To the extent Plaintiff attempts to invoke the crime-tort exception based on his other claims, this also fails as Plaintiff fails to state these claims. *See* Sections IV.B-E, *infra*; *see also Saedi*, 2025 WL 1141168, at *13 (dismissing ECPA claims predicated on privacy violations where underlying claims were not adequately alleged).

13

information being collected and how, the purpose, and whether the information was shared with third parties (*see* RJN, Ex. 3).  Plaintiff did not opt out and continued to navigate the Website after receiving this notice.  Compl. ¶¶ 95-97.  This is "sufficient to establish consent to third party tracking" at the pleading stage.  *Rusow*, 2025 WL 4657637, at *9 (collecting cases).[14]

**C.    Plaintiff Fails to Allege Constitutional Privacy Claims (Counts Five and Six).**

Plaintiff's allegations do not meet "high bar" for invasion of privacy or intrusion upon seclusion claims.  *Low v. LinkedIn Corp.*, 900 F. Supp 2d 1010, 1025 (N.D. Cal. 2012); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d at 1038.  Courts "consider [these claims] together and ask (1) whether there is a reasonable expectation of privacy, and (2) whether the intrusion was highly offensive."  *Hammerling*, 615 F. Supp. 3d at 1088.  The answer to both is no.

***First***, "there is no reasonable expectation of privacy when the data collection is within the users' common-sense expectation or when the information is not sensitive."  *Hammerling*, 615 F. Supp. 3d at 1089.  Here, Plaintiff appears to claim protection for his browsing and with respect to the data that was allegedly captured.  But neither is protected.

As to browsing, "[c]ontemporary internet browsing involves the collection of users' data, including by tracking users across the internet, and a reasonable user should expect as much."  *Hubbard*, 2024 WL 3302066, at *7.  "Most of us understand that what we do on the Internet is not completely private" because when "browsing and using . . . public website[s]," a reasonable user should "recognize, if only intuitively, that [the] data has to be going somewhere."  *Thomas*, 2024 WL 2060140, at *2 (citation omitted).  Nor is the specific information that was collected private.  *See* Sections IV.B.2-3, *supra*. Plaintiff's consent bars these claims as well.  *See* Section IV.B.5, *supra*; *Lakes*, 777 F. Supp. 3d at 1051-52, 1057.

***Second***, "[c]ourts in this district have held that data collection and disclosure to third parties that is 'routine commercial behavior' is not a 'highly offensive' intrusion of privacy."  *Hammerling*, 615 F.

---

[14] *See also Lakes*, 777 F. Supp. 3d at 1051-52, 1057 (granting motion to dismiss ECPA, Section 631, invasion of privacy, and intrusion upon seclusion claims based consent'"); *Libman*, 2024 WL 4314791, at *7-8, *13 (same for Section 632 claim); *Silver v. Stripe, Inc.*, 2021 WL 3191752, at *4-5 (N.D. Cal. July 28, 2021) (same for Section 631 claim).

14

Supp. 3d at 1090 (quoting *Low*, 900 F. Supp. 2d at 1025, collecting cases).[15]  Because Plaintiff alleges that the data collection was pursuant to Lenovo's written policies (not secret), and the information is neither highly personal nor sensitive, the claim fails.  *See id.* at 1090-91; *Tsering*, 2026 WL 89320, at *7 (dismissing claims alleging collection of personal data for advertising purposes, as this is "routine behavior" not "secret or deceptive data collection").

### D.    Plaintiff Fails to State a Violation of the CDAFA (Count Seven).

Plaintiff alleges Lenovo violated the CDAFA by "knowingly accessing and without permission taking, copying, analyzing, and using" Plaintiff's data "from [his] computer, computer system, or computer network."  Compl. ¶¶ 245-246; *see also* Cal. Penal Code § 502(c)(2).  This claim fails.

**No Standing.**  CDAFA standing requires that Plaintiff allegedly "suffers damage or loss by reason of a violation" of the statute.  Cal. Penal Code § 502(e)(1).  Specifically, Plaintiff must allege "some damage to the computer system, network, program, or data contained on that computer, as opposed to data generated by a plaintiff while engaging with a defendant's website."  *Heiting*, 709 F. Supp. 3d at 1020-21 (loss of "IP Address information and other identifying information" is not a CDAFA injury).  Plaintiff alleges only that Lenovo "caused loss to Plaintiff" by allegedly "knowingly accessing and without permission taking, copying, analyzing, and using" Plaintiff's data, which is not a cognizable injury under CDAFA. [16]  Compl. ¶¶ 246, 249.

**No Data from Computer.**  Plaintiff does not allege "access of his computer without permission or introduction of a computer contaminant into his computer.  *Allison*, 2026 WL 899438, at *7 (dismissing CDAFA claim).  He alleges only that Lenovo purportedly "installed trackers on its website such that a user could not avoid the trackers with their device."  *Id.*; *see* Compl. ¶¶ 55-57, 95-100.  "But there are no allegations that the trackers were ever introduced into [Plaintiff's] computer or that they accessed data from his computer.  The complaint instead appears to allege that [Lenovo]'s trackers collected and

---

[15] *See also In re Google, Inc. Privacy Policy Litig.*, 58 F. Supp. 3d 968, 985, 987-88 (N.D. Cal. 2014); *iPhone App. Litig.*, 844 F. Supp. 2d at 1063.

[16] *See also Cottle v. Plaid Inc.*, 536 F. Supp. 3d 461, 487-88 (N.D. Cal. 2021) (dismissing CDAFA claim; "loss of the right to control [plaintiffs'] own data, the loss of the value of their data, and the loss of the right to protection of the data" is not an injury); *Doe v. Cnty. of Santa Clara*, 2024 WL 3346257, at *9 (N.D. Cal. July 8, 2024) (same); *Doe v. Meta Platforms, Inc.*, 2023 WL 5837443, at *9 (N.D. Cal. Sept. 7, 2023) (same).

15

transmitted data that [Plaintiff] generated by engaging with [Lenovo's] website." *Allison*, 2026 WL 899438, at \*7.  This is insufficient to state a claim pursuant to Section 502(c)(2). *Id*.

**Not "Without Permission."**  Plaintiff consented to the data collection, so nothing was done "without permission."  Cal. Penal Code § 502(c)(3); *see* Section IV.B.5, *supra*.

### E.    Plaintiff Fails to Allege a Violation of the UCL (Count Eight).

**No Standing.**  To establish UCL standing, Plaintiff must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that that economic injury was the result of, i.e., *caused by*, the unfair business practice or false advertising that is the gravamen of the claim."  *Kwikset*, 51 Cal. 4th at 322 (emphasis in original).  UCL standing is "substantially narrower" than Article III standing.  *Id.* at 324.  Plaintiff alleges that he lost money when he purchased the computer and that but for the alleged data collection he would not have made the purchase, Compl. ¶¶ 259-260, but these allegations are insufficient.

*First*, Plaintiff's purchase is not economic injury:  he received a computer in exchange. *Hall*, 158 Cal. App. 4th at 855 (no injury in fact where plaintiff expended money "but he received a book in exchange"); *Medina v. Safe-Guard Prods., Int'l, Inc.*, 164 Cal. App. 4th 105, 114 (2008) (similar). *Second*, Plaintiff's "conclusory allegation[]" that he would not have purchased a Lenovo computer had he known about the alleged data collection is "untethered in any way to [Plaintiff's] experiences" and "insufficient" to assert standing under the UCL.  *Libman*, 2024 WL 4314791, at \*18 (dismissing UCL claim); *Perez v. Romantix Online, Inc.*, 2025 WL 3085786, at \*3 (N.D. Cal. Oct. 17, 2025) (dismissing UCL claim; plaintiffs "must allege something beyond the untethered insistence that they would not have bought the products had they known the truth of [d]efendants' data collection policies").[17]

**No "Unlawful" Or "Unfair" Conduct.**  To state a claim under the "unlawful" prong of the UCL, Plaintiff must plead a predicate violation of the law.  *Lopez*, 302 F.3d at 907.  As explained, each of Plaintiff's claims fail, which in turn dooms his UCL claim.  Nor is there any "unfair" conduct, as those allegations are also predicated on the purported "interests ***protected by the statutes identified***[.]"  Compl.

---

[17] Nor does Plaintiff's alleged loss of data establish UCL standing.  Plaintiff does not allege that he personally lost money or property as a result of the alleged collection of his data. *See generally* Compl. And "[i]t is not enough to merely say the information was taken and therefore it has lost value." *Bass v. Facebook, Inc.*, 394 F. Supp. 3d 1024, 1040 (N.D. Cal. 2019).

16

¶ 257 (emphasis added). The claim is therefore duplicative of Plaintiff's statutory claims and must be dismissed. *See Pac. Steel Grp.*, 2023 WL 6186679, at *7.

**F.    Plaintiff Fails to State a Claim for Unjust Enrichment (Count Four).**

As an initial matter, unjust enrichment is not a cause of action. *Astiana*, 783 F.3d at 762; *Sepanossian*, 97 Cal. App. 5th at 206. But even it were, "because [P]laintiff has not stated a claim against [Lenovo] for any unlawful conduct," Plaintiff has "also failed to state an unjust enrichment claim." *Crano*, 2025 WL 2689267, at *9 (citation and alterations omitted); *see* Sections IV.A-D, *supra*. Plaintiff's unjust enrichment claim also fails because: (1) Plaintiff cannot allege that he lacks an adequate remedy at law as required to seek unjust enrichment, *see Sony PS3*, 551 F. App'x at 923, as he plainly seeks actual, compensatory, and statutory damages, *see* Compl. ¶¶ 157-158, 172, 186, 250; and (2) Plaintiff fails to allege that Lenovo unjustly retained a benefit at his expense because he does not allege that he "directly expended [his] own resources, nor shown that [his] property"—here, his data—"has become less valuable." *Katz-Lacabe*, 668 F. Supp. 3d at 946.

**V.    CONCLUSION**

Lenovo respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice as amendment would be futile. *Zadrozny v. Bank of N.Y. Mellon*, 720 F.3d 1163, 1173 (9th Cir. 2013).

Dated: May 4, 2026        By:    **AKIN GUMP STRAUSS HAUER & FELD LLP**

*/s/ Laura D. Smolowe*
Laura D. Smolowe
Lauren E. Huennekens
1999 Avenue of the Stars, Suite 600
Los Angeles, CA  90067

Ashley Vinson Crawford
Fatima Bishtawi
**AKIN GUMP STRAUSS HAUER & FELD LLP**
100 Pine Street, Suite 3200
San Francisco, CA 94111

Elizabeth Scott (*pro hac vice*)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2300 N. Field Street, Suite 1800
Dallas, TX 75201

Attorneys for Defendant
LENOVO (UNITED STATES) INC.

17