**ALMEIDA LAW GROUP LLC**
Victor J. Sandoval (SBN 344461)
3415 S. Sepulveda Blvd., Ste 1121
Los Angeles, California 90034
(562) 534-5907
victor@almeidalawgroup.com

David S. Almeida (*pro hac vice*)
Stephanie T. Reed (*pro hac vice*)
849 W. Webster Avenue
Chicago, Illinois 60614
(708) 437-6476
david@almeidalawgroup.com
stephanie@almeidalawgroup.com

*Counsel for Plaintiff & the Proposed Classes*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

SPENCER CHRISTY, *individually and on behalf of all others similarly situated*,

Plaintiff,

vs.

LENOVO (UNITED STATES) INC.,

Defendant.

Case No. 3:26-cv-01133-CRB

**PLAINTIFF'S OPPOSITION TO DEFENDANT LENOVO (UNITED STATES) INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**

**Date:** September 18, 2026
**Time:** 10:00 a.m.
**Location:** Courtroom 6 – 17th Floor
**Action Filed:** February 5, 2026

## I. INTRODUCTION

Plaintiff Spencer Christy respectfully submits this Objection to Defendant Lenovo (United States) Inc.'s ("Lenovo") Request for Judicial Notice in Support of its Motion to Dismiss ("RJN"), ECF 32-1. The Court should deny Lenovo's request to consider Exhibits 1, 2, and 3 to the Declaration of Kevin Morey ("Morey Decl."), ECF 32-2.

Lenovo does not offer these exhibits merely for the fact that a homepage, cookie tool, and privacy statement existed on its website. Lenovo offers Exhibit 1 to establish that Plaintiff was presented with a cookie banner giving him notice of, and the opportunity to reject, its tracking, MTD[1] at 13:17-22; Exhibit 2 to establish that Plaintiff could have navigated from that banner to a granular consent tool, MTD at 13:22-25; and Exhibit 3 to establish that Plaintiff was presented with, and assented to, its specific privacy terms, MTD at 13:25–14:2—all during his November and December 2025 visits. Lenovo argues that Plaintiff's consent independently defeats his ECPA, CIPA §§ 631 and 632 claims, MTD at 13:12–14:4; his invasion of privacy and intrusion upon seclusion claims, MTD at 14:21; and the "without permission" element of his CDAFA claim, MTD at 16:3-4—and, separately, that the same purported notice defeats the confidentiality element of the § 632 claim in the first instance, MTD at 11:4-5.

But the accuracy of the Exhibits is disputed and they cannot be used for those disputed purposes. Exhibit 1's own content shows it postdates the period at issue—it displays a banner describing, in the past tense, Lenovo's January 2026 Sphere event, and a footer reading "© 2026 Lenovo." Morey Decl., Ex. 1 at 3, 6. Exhibit 2 is layered over that same, later homepage background. Morey Decl., Ex. 2. And, Exhibit 3 does not establish that it is the version of the policy that would have been linked on the last occasion that the cookie banner appeared to Mr. Christy, given that it does not speak to whether a persistent consent cookie would have carried forward from some earlier, undocumented visit.

## II. BACKGROUND

Morey attests that Exhibit 1 is "a true and correct copy of [the Lenovo.com] Website

[1] Citations to "MTD" are to Lenovo's Motion to Dismiss (ECF 32); to "¶¶#" to the Complaint (ECF 1).

homepage, including its cookie banner, as it appeared in November and December 2025." Morey Decl. ¶ 3. But Exhibit 1's own content contradicts that attestation: one page displays a banner reading "Lenovo Tech World @ CES" and states, in the past tense, that "[i]n January 2026, Lenovo took over Las Vegas' iconic Sphere to reveal our biggest AI news." Morey Decl., Ex. 1 at 3. The footer of the same exhibit reads "© 2026 Lenovo. All rights reserved." *Id.* at 6. A page cannot accurately depict November or December 2025 while describing a January 2026 event as already having occurred. Exhibit 1 is also not a capture of what a user would see on their screen; it is a six-page, stitched, full-scroll capture of the homepage, with the cookie banner appearing to repeat identically at the bottom of every page—a presentation that obscures the banner's actual size, placement, and prominence relative to what a user would see on a single screen at any given time. It also does not establish anything regarding the banner's actual function—including whether it was persistent until a user interacted with it or immediately disappeared if a user navigated the website or whether it actually functioned to stop the use of non-essential cookies if a user opted out of them.

Morey similarly attests that Exhibit 2, Lenovo's "Cookie Consent Tool," "appeared" on the Website "in November and December 2025." Morey Decl. ¶ 4. But Exhibit 2's two screenshots are modal pop-ups layered over the identical, later homepage background depicted in Exhibit 1. Morey Decl., Ex. 2.

Morey further attests that Exhibit 3 is Lenovo's Website Privacy Statement. Morey Decl. ¶5, Ex. 3. Exhibit 3 states that it was "last updated on March 31, 2025." Morey Decl., Ex. 3 at 1. Although the Morey Declaration attests that Exhibit 3 was "in effect in November and December 2025," Lenovo does not establish that Mr. Christly necessarily would have been presented with the banner during his November and December visits, given the lack of information concerning the functioning of Lenovo's cookie banner. Accordingly, it is not established that Mr. Christy would have been presented with a hyperlink to *this* policy, as opposed to some earlier policy when he first visited the website and a persistent consent cookie was deposited on his browser. Lenovo nonetheless relies on Exhibit 3 to argue that Plaintiff had access to, and assented to, its disclosures regarding cookies and data sharing. MTD at 13:25–14:2.

Exhibits 1 and 2 are not referenced in the Complaint, and neither is shown to accurately

depict the Website as it existed during Plaintiff's actual visits in November and December 2025. ¶95. Exhibit 3 is referenced in the Complaint, but only for its admissions regarding data transfers to the Lenovo Group, ¶¶78–80, 85, 96–102—not for the consent purposes Lenovo now offers it to prove. None of the three exhibits are judicially noticeable nor can they establish the facts Lenovo relies on them for.

## III. LEGAL STANDARD

Motions to dismiss are based on the pleadings and the pleadings alone. When "matters outside the pleadings [not appropriate for judicial notice] are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 n.1 (9th Cir. 2010) (quoting Fed. R. Civ. P. 12(d)).

There are two limited exceptions: (1) the incorporation-by-reference doctrine and (2) judicial notice under Federal Rule of Evidence 201. *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 998 (9th Cir. 2018). Both exceptions have "roles to play at the pleading stage," but their overuse can "lead to unintended and harmful results," particularly where, as here, defendants try to "present their own version of the facts" to defeat a complaint prematurely. *Id*. at 998-99.

Under Rule 201, a court may notice an adjudicative fact only if it is "not subject to reasonable dispute" because it is generally known within the court's jurisdiction or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts may not take judicial notice of disputed facts contained in public records. *Khoja*, 899 F.3d at 999-1000; *EVO Brands, LLC v. Al Khalifa Grp. LLC*, 657 F.Supp.3d 1312, 1320-21 (C.D. Cal. 2023) ("A court may not take judicial notice of the truth of disputed factual matters at the pleading stage."). Because judicially noticed facts are treated as conclusive for the jury, district courts are cautioned to use Rule 201 sparingly and only when the matter is beyond controversy. *Metro Creditors' Tr. v. PricewaterhouseCoopers, LLP*, 463 F.Supp.2d 1193, 1197 (E.D. Wash. 2006) (citing *Rivera v. Philip Morris, Inc*., 395 F.3d 1142, 1151 (9th Cir. 2005)).

Lenovo's RJN argues only that Exhibits 1 to 3 are judicially noticeable subject to Rule 201. RJN at 1:1-16.

//

## IV. ARGUMENT

### a. Exhibits 1 through 3 Are Not Subject to Judicial Notice.

Exhibits 1 through 3 do not satisfy the requirements for judicial notice under Rule 201. A court may judicially notice a fact only where it is "not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Defendant seeks to use these exhibits not merely to establish that certain pages existed on its website, but to establish the disputed factual proposition that Plaintiff was on notice of and consented to Lenovo's Privacy Policy and data practices in November and December 2025. *Compare* MTD at IV.B.5 *with* ¶¶63, 105, 138 (alleging plaintiff did not validly consent). Lenovo's Motion relies on Exhibits 1 through 3 to argue that Plaintiff's consent independently defeats his ECPA, CIPA §§ 631 and 632 claims, MTD at 13:12–14:4; his invasion of privacy and intrusion upon seclusion claims, MTD at 14:21; and the "without permission" element of his CDAFA claim, MTD at 16:3-4—and, separately, that the same purported notice defeats the confidentiality element of the § 632 claim in the first instance, MTD at 11:4-5. These disputed matters cannot be resolved through judicial notice at the pleading stage. *Khoja*, 899 F.3d at 999-1000.

The exhibits are also not judicially noticeable because the accuracy of these exhibits is subject to reasonable dispute on multiple grounds. Morey swears that Exhibit 1 shows the homepage "as it appeared in November and December 2025." Morey Decl. ¶ 3. Yet Exhibit 1 displays a banner describing, in the past tense, Lenovo's January 2026 takeover of the Las Vegas Sphere, and a footer reading "© 2026 Lenovo." Morey Decl., Ex. 1 at 3, 6. The same defect infects Exhibit 2, which is layered over the identical, later homepage background. Morey Decl., Ex. 2. And, as a result, Exhibit 3 cannot be used to establish that Mr. Christy assented to the Privacy Policy because Lenovo does not establish that he necessarily would have been presented with the same banner when he visited the website. *See* Christy Decl. ¶¶11-14.

Even setting the dating problem aside, the exhibits fail to establish the notice or consent Lenovo relies on them for. *See, e.g.,* MTD § IV.B.5. The declaration does not present the cookie banner as a single-view capture reflecting what a user would actually see on their screen; Exhibit 1

shows the banner repeated at the bottom of six separate, stitched pages, with no indication of the banner's true size or prominence relative to the rest of the page at any time. Morey Decl., Ex. 1. The webpage is also lacking many of the images that would have been displayed on the page, as evidenced by the broken image icons throughout the webpage, which is also significant for assessing the conspicuousness of the purported notice. *Id.* Nor does the declaration attest to whether the banner was persistent and remained on screen until a user interacted with it, or whether it disappeared immediately upon a user navigating the website—a point that matters here because the Complaint alleges the Tracking Technologies' code executed automatically and began transmitting Plaintiff's data during the page-load process itself, before Plaintiff could detect the transmissions or consent to them, and that Plaintiff did not validly consent at any time. ¶¶127, 129, 131, 133. Nor does the declaration describe the circumstances under which the banner or Cookie Consent Tool is presented to a given user—for example, whether a returning visitor with an existing preference cookie would be shown the banner at all, or would instead have any prior selection (or non-selection) silently carried forward. Morey Decl. ¶¶3-4. Lenovo's own Privacy Statement nowhere states how long any consent or preference cookie persists. Morey Decl., Ex. 3. Consent and preference cookies commonly persist for extended periods—up to two years is a common industry default[2]—meaning Lenovo's own record cannot rule out that any cookie-based suppression of the banner reflected a decision (or absence of one) from well before the period at issue, under whatever version of the website was in effect at that time. That gap is compounded by the fact that Exhibit 3 itself was "last updated on March 31, 2025," Morey Decl., Ex. 3 at 1—and if a consent cookie persisted for a year or two, a different Policy was likely in effect on the last occasion that Mr. Christy was presented with the banner and the link to the terms. Further because Lenovo's other exhibits are from after January of 2026, nothing in the record establishes which version, if any, Plaintiff actually encountered in November and December 2025.

In sum, the accuracy of Exhibits 1 and 2 as depictions of the Website Plaintiff encountered in November and December 2025 is disputed—the exhibits' own content shows they postdate that

[2] *What Is Cookie Consent? Requirements and Tools to Comply with Global Data Privacy Laws*, Cookiebot (Jan. 17, 2022) (consent cookies "are as long as 2 years").

period, and even taken at face value they fail to establish the manner, persistence, or circumstances of any notice actually given to Plaintiff. Exhibit 3 fares no better, although it does not postdate Plaintiff's visits on its face, Lenovo has not established that Plaintiff ever encountered it, or that it was the operative Privacy Statement at the time that the cookie banner last appeared on the page—rather than it displaying only on an earlier, undocumented visit, in which the website would have displayed a different version of the banner and linked a different version of the Privacy Statement, and would have deposited a persistent consent cookie which stopped the banner from displaying on later dates. And, none can be considered for the consent purposes for which Lenovo uses them. Judicial notice should be denied as to all three.

Lenovo's cases do not support judicial notice here. *Caldwell v. Caldwell,* denied a request for judicial notice where the defendant did not attach the relevant webpages to its motion, and only spoke to that bare minimum requirement, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006)

In *Matthews v. Nat'l Football League Mgmt. Council*, the Court took judicial notice of the fact that "Matthews' teams played 13 games in California during Matthews' 19–year career" and cited the NFL website for that fact—it did not take notice of disputed elements of the layout of a website. 688 F.3d 1107, 1113 (9th Cir. 2012) (citing Tennessee Titans Team Page, NFL.COM, *http://www.nfl.com/teams/profile?team=TEN* (last visited July 19, 2012)).

In *Hammerling v. Google LLC*, this Court found one exhibit was judicially noticeable where the plaintiffs did not dispute the accuracy of the contents of the webpage, but found two others non-noticeable where "they may not contain the same disclosures that Hammerling may have read when she downloaded the apps or used them from 2019 to 2021." 2022 WL 17365255, at *4 (N.D. Cal. Dec. 1, 2022). Here, Exhibits 1 and 2's accuracy is disputed and each of Exhibits 1 through 3 are disputed in that they may not have contained the same disclosures when Mr. Christy previously visited the website—given that the RJN does not establish the circumstances in which the banner would have been presented or whether years-long persistent cookies would have stopped the banner from displaying in November or December of 2025.

In *Parrino* the complaint made reference to "the FHP 'group plan' and its "cost containment program." And Parrino's claims "rested on his membership in FHP's [group] plan and on the terms

of the plan[.]" Accordingly, the Court found that "documents governing plan membership, coverage, and administration are essential to his complaint" and incorporated them because their accuracy "was not disputed by the parties." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998). Here, the accuracy of the Exhibits are disputed and they are not essential to Plaintiff's claims.

In *Datel Holdings Ltd. v. Microsoft Corp*., the Court found that a software license and Terms of Use found online were "judicially noticeable for the fact that they exist, not whether, for example, the documents are valid or binding contracts" where "the complaint allege[d] that Defendant's market power does not derive from a contractual right with its customers…because Plaintiff's complaint depends, at least in part, on the contents of the documents." 712 F. Supp. 2d 974, 984 (N.D. Cal. 2010). Here by contrast, Plaintiff's complaint does not depend on either of Exhibit 1 nor 2 and Lenovo puts forth each of the Exhibits for the purpose of establishing that Mr. Christy had notice of and consented to Lenovo's tracking practices, not for the fact that they exist.

In *Lakes v. Ubisoft*, plaintiffs did not oppose judicial notice and the complaint specifically addressed the account creation process at issue. 777 F.Supp.3d 1047, 1053 (N.D. Cal. 2025). Neither is true here.

In *In re Google Location History Litigation*, the court granted judicial notice only to establish that specific disclosures were in the public realm as of a particular date—propositions the plaintiffs did not dispute—not to establish that any plaintiff saw or consented to them. 428 F.Supp.3d at 189–90. Here, Plaintiff disputes and Lenovo attempts to use the Exhibits to establish that Plaintiff saw and consented to them.

In *Jones v. Tonal Systems*, the complaint had quoted the relevant documents, the screenshots were of the chatbot central to the claim, and plaintiff did not oppose judicial notice or contest authenticity. 751 F.Supp.3d 10,25, 1031–32 (S.D. Cal. 2024). None of that is true here.

In sum, none of Exhibits 1 through 3 are properly the subject of judicial notice.

**b. Incorporation by Reference is Inappropriate.**

Under the incorporation-by-reference exception, a document may be considered only if "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450

F.3d 445, 448 (9th Cir. 2006); *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "The mere mention of the existence of a document is insufficient." *Khoja*, 899 F.3d at 1002. Even where incorporation applies, courts may not accept the document's contents for their truth to resolve factual disputes against the plaintiff. *Produce Pay, Inc. v. Izguerra Produce, Inc*., 39 F.4th 1158, 1166 (9th Cir. 2022).

Although Lenovo requests only judicial notice, and not incorporation for reference, neither of Exhibits 1 or 2 may be incorporated by reference: (1) neither is referred to in the Complaint; (2) neither is central to Plaintiff's claims, which turn on Lenovo's Tracking Technologies and Lenovo's Privacy Statement's own admissions regarding data transfers to the Lenovo Group, ¶¶78–80, 85, 96–102; and (3) the authenticity of both is squarely disputed, since the exhibits' own content contradicts Morey's sworn statement that they depict the Website "as it appeared" in November and December 2025. Morey Decl. ¶¶3–4, Exs. 1–2; *see also* Christy Decl. ¶¶11-14. Accordingly, they are not incorporated by reference into the complaint. *Mosher-Clark v. Gravity Defyer Med. Tech. Corp*., 2023 WL 5836976, at *3 n.2 (N.D. Cal. Sept. 8, 2023) ("parts of the website" are not "properly considered under the incorporation by reference standard when the FAC does not cite them"); *cf. Fraley v. Facebook, Inc.*, 830 F.Supp.2d 785, 795 (N.D. Cal. 2011) (denying request for judicial notice as to webpages not directly cited in the complaint).

And, although courts have found that privacy policies are incorporated by reference where they are directly quoted and relied on in a complaint, they only do so for the fact of their existence—not for the notice and consent purposes for which Lenovo attempts to use its Privacy Statement. MTD at 13:25–14:2, 16:3-4. Moreover, Exhibit 3 does not establish that Plaintiff was shown, and assented to, this version of the Privacy Statement during his November and December 2025 visits. *Hammerling,* 2022 WL 17365255, at *4. Exhibit 3 states only that it was "last updated on March 31, 2025," Morey Decl., Ex. 3 at 1, and Lenovo has not shown that a persistent cookie from some earlier visit did not silently carry forward a decision (or inaction) made under an entirely different, undocumented visit.

Lenovo's RJN asserts that Plaintiff's Complaint "relies on selective portions of Lenovo's Website" at ¶¶55-57, 78, 79, 85, 95-99, 101, 128-133, and 150, and that Lenovo is entitled to

introduce the "complete picture"[3] of the Website and the "agreements [Plaintiff] accepted." RJN at 1–2. But none of the cited paragraphs reference, quote, or describe the cookie banner or the Cookie Consent Tool, nor do they establish that Plaintiff accepted any agreement; instead, they describe the Tracking Technologies' operation and Plaintiff's own browsing conduct, cite the Privacy Statement (Exhibit 3) for its admissions regarding data transfers to the Lenovo Group, and expressly allege that Plaintiff did not validly consent to the operation of the Tracking Technologies. ¶¶ 63, 78–80, 85, 96–102, 105.

At most, those documents create a defense to Plaintiff's allegation that they did not consent to the disclosures. But, as the Ninth Circuit has held, documents do not "form the basis" of a plaintiff's claims merely because they "create a defense to the well-pled allegations." *Khoja,* 899 F.3d at 1002. "Otherwise, [Lenovo] could use the [incorporation-by-reference] doctrine to insert their own version of events" at the pleading stage. *Id.*; *see also In re Immune Response Sec. Litig.*, 375 F.Supp.2d 983, 995–96 (S.D. Cal. 2005) (declining to incorporate numerous exhibits where defendant "offer[ed] the documents as evidence that Defendants did not commit a securities violation," but the complaint did not mention or rely on them). In sum, none of Exhibits 1 through 3 are incorporated by reference in the complaint for the purposes for which Lenovo attempts to use them.

## CONCLUSION

For the foregoing reasons, Defendant's Request for Judicial Notice should be denied in full.

Dated: July 17, 2026 Respectfully Submitted,

/s/ Victor J. Sandoval
Victor J. Sandoval (SBN 344461)
**ALMEIDA LAW GROUP LLC**
3415 S. Sepulveda Blvd., Ste 1121
Los Angeles, California 90034
(562) 534-5907

[3] To the extent Lenovo argues that incorporation extends to webpages providing "context," that is not the case here, where the claim does not require an analysis of the totality of the circumstances and the Exhibits do not form the basis of Plaintiff's claims. *See Thornton v. Mindvalley, Inc.*, 2025 WL 877714, at *3 (N.D. Cal. Feb. 14, 2025) (denying request for judicial notice and incorporation by reference of contextual webpages in website-tracking claim).

victor@almeidalawgroup.com

David S. Almeida*
Stephanie T. Reed*
**ALMEIDA LAW GROUP LLC**
849 W. Webster Avenue
Chicago, Illinois 60614
(708) 437-6476
david@almeidalawgroup.com
stephanie@almeidalawgroup.com

*Counsel for Plaintiffs & the Proposed Classes*

**Pro Hac Vice Admitted*