**AKIN GUMP STRAUSS HAUER & FELD LLP**
LAURA D. SMOLOWE (SBN 263012)
lsmolowe@akingump.com
LAUREN E. HUENNEKENS (SBN 328855)
lhuennekens@akingump.com
1999 Avenue of the Stars, Suite 600
Los Angeles, CA 90067
Telephone: (310) 229-1000
Facsimile: (310) 229-1001

**AKIN GUMP STRAUSS HAUER & FELD LLP**
ASHLEY VINSON CRAWFORD (SBN 257246)
avcrawford@akingump.com
FATIMA BISHTAWI (SBN 363224)
fbishtawi@akingump.com
100 Pine Street, Suite 3200
San Francisco, CA 94111
Telephone: (415) 765-9500
Facsimile: (415) 765-9501

**AKIN GUMP STRAUSS HAUER & FELD LLP**
ELIZABETH SCOTT (*pro hac vice*)
edscott@akingump.com
2300 N. Field Street, Suite 1800
Dallas, TX 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343

Attorneys for Defendant
LENOVO (UNITED STATES) INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SPENCER CHRISTY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LENOVO (UNITED STATES) INC.,<br><br>Defendant. | Case No. 3:26-cv-01133-CRB<br><br>**DEFENDANT LENOVO (UNITED STATES) INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Date: Not yet set<br>Time: Not yet set<br>Location: Courtroom 6 – 17th Floor<br><br>Date Action Filed: February 5, 2026 |

# TABLE OF CONTENTS

Page


I. INTRODUCTION ..... 1

II. THE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT ..... 1

A. Plaintiff Lacks Article III Standing. ..... 1

B. Plaintiff Fails to State Claims for Violation of the ECPA and CIPA. ..... 2

1. Plaintiff Does Not Allege any Content was Intercepted While in Transit. ..... 2

2. Plaintiff Does Not Allege any "Confidential Communications" Under CIPA. ..... 4

3. Lenovo, a Party to the Communications, is Exempt Under the ECPA and CIPA. ..... 5

4. Plaintiff Cannot Overcome the ECPA's One Party Consent Rule. ..... 6

5. Consent Bars Plaintiff's CIPA Claims. ..... 7

C. Plaintiff Fails to Allege Constitutional Privacy Claims (Counts Five and Six). ..... 8

D. Plaintiff Fails to State a Violation of the CDAFA (Count Seven). ..... 9

E. Plaintiff Fails to Allege a Violation of the UCL (Count Eight). ..... 10

F. Plaintiff Fails to State a Claim for Unjust Enrichment (Count Four). ..... 10

III. CONCLUSION ..... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allison v. PHH Mortg.*,
2026 WL 1353827 (N.D. Cal. May 14, 2026) ....10

*Baker v. Index Exchang*e,
2026 WL 1734901 (N.D. Ill. June 16, 2026) ....6

*Bowen v. Energizer Holdings, Inc.*,
118 F. 4th 1134 (9th Cir. 2024) ....2

*Byars v. Goodyear Tire and Rubber Co.*,
654 F. Supp. 3d 1020 (C.D. Cal. Feb. 3, 2023) ....4

*City of Emeryville v. Robinson*,
621 F.3d 1251 (9th Cir. 2010) ....2

*Cottle v. Plaid, Inc.*,
536 F. Supp. 3d 461 (N.D. Cal. 2021) ....9

*Deivaprakash v. Condé Nast Digital*,
798 F. Supp. 3d 1101 (N.D. Cal. 2025) ....2

*Doe v. Cnty. of Santa Clara*,
2024 WL 3346257 (N.D. Cal. July 8, 2024) ....9

*Doe v. Eating Recovery Center LLC*,
2024 WL 2852210 (N.D. Cal. June 4, 2024) ....2, 3

*Doe v. Eating Recovery Center LLC*,
806 F. Supp. 3d 1109 (N.D. Cal. Oct. 17, 2025) ....2, 3

*Doe v. Meta Platforms*,
690 F. Supp. 3d 1064 (N.D. Cal. 2023) ....9

*Donahue v. Apple, Inc.*,
871 F. Supp. 2d 913 (N.D. Cal. May 10, 2012) ....10

*Gilligan v. Experia Data Corp.*,
2026 WL 32259 (N.D. Cal. Jan. 6, 2026) ....4

*In re Google Assistant Priv. Litig.*,
546 F. Supp. 3d 945 (N.D. Cal. 2021) ....2

*Hammerling v. Google LLC*,
615 F. Supp. 3d 1069 (N.D. Cal. 2022) ....8, 9

*Hazel v. Prudential Financial, Inc.*,
2023 WL 3933073 (N.D. Cal. June 9, 2023) (Breyer, J.) ....2, 3

*Heiting v. Taro Pharms. USA, Inc.*,
709 F. Supp. 3d 1007 (C.D. Cal. 2023) ....9

*Khamooshi v. Politico LLC*,
786 F. Supp. 3d 1174 (N.D. Cal. May 13, 2025)....2

*King v. Hard Rock Cafe Int'l*,
2025 WL 1635419 (E.D. Cal. June 9, 2025) ....4

*Lynch v. Express Scripts Holding Co.*,
2025 WL 2224419 (N.D. Cal. Aug. 5, 2025) ....8

*M.G. v. Therapymatch, Inc.*
2024 WL 4219992 (N.D. Cal. Sept. 16, 2024) ....5

*In re Meta Pixel Healthcare Litig.*,
647 F. Supp. 3d 778 (N.D. Cal. Dec. 22, 2022)....5, 8

*Popa v. Microsoft Corp.*,
153 F.4th 784 (9th Cir. 2025) ....1

*Ramirez v. Ghilotti Bros. Inc.*,
941 F. Supp. 2d 1197 (N.D. Cal. 2013) (Breyer, J.) ....5

*Rusow v. Skinspirit Essential LLC*,
2025 WL 4657637 (N.D. Cal. Oct. 25, 2025)....8

*Scarlett v. Cnty. of Santa Clara*,
2024 WL 4804978 (N.D. Cal. Nov. 15, 2024) (Breyer, J.) ....4

*Selby v. Sovrn Holdings, Inc.*,
2025 WL 2950164 (N.D. Cal. Oct. 17, 2025)....4

*Smith v. Rack Room Shoes, Inc.*,
2025 WL 1085169 (N.D. Cal. Apr. 4, 2025) ....4

*Smith v. Rack Room Shoes, Inc.*,
2025 WL 2210002 (N.D. Cal. Aug. 4, 2025) ....9

*In re Sony PS3 Other OS Litig.*,
551 F. App'x 916 (9th Cir. 2014) ....10

*Tavernetti v. Superior Ct.*,
22 Cal.3d 187 (1978) ....3

*Torres v. Prudential Financial, Inc.*,
2025 WL 1135088 (N.D. Cal. Apr. 17, 2025) ....2

*Toy v. Life Line Screening of America Ltd.*,
2024 WL 1701263 (N.D. Cal. Mar 19, 2024)....2, 10

*Tsering v. Meta Platforms, Inc.*,
2026 WL 89320 (N.D. Cal. Jan. 12, 2026) ....9

*Xu v. Reuters News & Media Inc.*,
2025 WL 3035016 (Cal. Super. Oct. 24, 2025) ... 2

**Statutes**

Cal. Pen. Code § 631(a) ... 3, 4

**Other Authorities**

28 C.F.R. § 202.210(a) ... 6

28 C.F.R. § 202.214(a) ... 6

28 C.F.R. § 202.401(a) ... 6

28 C.F.R. § 202.505(b)(5) ... 6

90 Fed. Reg. 1636-01 (Jan. 8, 2025) ... 6

# I. INTRODUCTION

Plaintiff's Opposition manufactures non-existent allegations, relies on inapposite case law, and fails to dispute (and thereby concedes) key arguments, including that (1) the data at issue—non-substantive and generated automatically—is not "content" and (2) Lenovo cannot be liable under the ECPA as a party to the communications. Plaintiff's *actual* allegations, which are conclusory and factually unsupported, and the applicable law make clear that Plaintiff's Complaint cannot survive. For the reasons stated in Lenovo's Motion and herein, this Court should grant Lenovo's Motion to Dismiss.

# II. THE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT

## A. Plaintiff Lacks Article III Standing.

**Alleged "Comprehensive Identifier," "Communication," and "Profiling" Injuries.** Plaintiff alleges only that Lenovo collected information generated by his use of the Website, which Lenovo used for its own purposes. Compl. ¶¶ 13, 14, 58, 64, 101. There is no allegation of tracking extending to other websites or devices, nor that the data collected was private, personal, or otherwise related to anything other than his use of the Website. *See generally* Compl. Under such circumstances, there is no Article III standing—whether based on an alleged "comprehensive identifier," "communication," or "profiling" injury. *Compare Popa v. Microsoft Corp.*, 153 F.4th 784, 791 (9th Cir. 2025) (no standing), *with* Opp'n at 3-4 (citing *Anderson v. Nat'l Collegiate Athl. Assoc.*, 2026 WL 925519, at *5 (C.D. Cal. Mar. 25, 2026) ("*Popa* concerned the monitoring of a user's interaction with one website rather than the installation of trackers that would extend to other websites."); *Harris v. iHeartMedia, Inc.*, 2026 WL 247875, at *2 (N.D. Cal. Jan. 29, 2026) (distinguishing *Popa*'s tracking "*while on the defendant's website*" as compared with "cradle-to-grave" profiling across websites, sold to third parties (emphasis in original)); *Camplisson v. Adidas Am., Inc.*, 809 F. Supp. 3d 1095, 1106 (S.D. Cal. 2025) (distinguishing *Popa* from collection of personal information, matched with data collected on other websites, sold to third parties); and *Dellasala v. Samba TV, Inc.*, 2026 WL 1138358, at *3 (N.D. Cal. Apr. 21, 2026) (same)).[1]

---

[1] Plaintiff's other authority is similarly distinguishable. *See* Opp'n at 3-4 (citing *Katz-Lacabe v. Oracle Am., Inc.*, 668 F. Supp. 3d 928, 940 (N.D. Cal. 2023) (tracking across devices and creating "cradle-to-grave" dossiers); *Jones v. Skullcandy, Inc.*, 2026 WL 699819, at *2-3, *5 (S.D. Cal. Mar. 12, 2026) (matching personal information to Facebook accounts and other websites, and sale to third parties)).

(*Cont'd on next page*)

**Alleged "Economic Injuries".** The alleged benefit-of-the-bargain and overpayment injuries do not establish standing because here, unlike in the cases cited by Plaintiff, Plaintiff does not (and cannot) allege any tether between the price Plaintiff paid for the gaming computer he purchased and the purported data collection on the Website. Opp'n at 4 (collecting cases).[2]

**Lack of Standing for Injunctive or Declaratory Relief.** Contrary to Plaintiff's assertion, this argument was adequately presented; the authority cited by Plaintiff is based on an appellate rule that should not be applied here. *See City of Emeryville v. Robinson*, 621 F.3d 1251 (9th Cir. 2010). Substantively, Plaintiff's hypothetical "fear" that his data will be collected "if" he uses the Website in the future, Opp'n at 4 n.2, is insufficient. *Khamooshi v. Politico LLC*, 786 F. Supp. 3d 1174, 1183 (N.D. Cal. 2025) (plaintiffs' "single-sentence argument that their fear their information will be misused in the future constitutes a concrete injury" is insufficient).

**B. Plaintiff Fails to State Claims for Violation of the ECPA and CIPA.**

1. Plaintiff Does Not Allege any Content was Intercepted While in Transit.

**In Transit.** ***First***, Plaintiff notes that that *Torres v. Prudential Financial, Inc.*, 2025 WL 1135088 (N.D. Cal. Apr. 17, 2025), and *Doe v. Eating Recovery Center LLC*, 806 F. Supp. 3d 1109 (N.D. Cal. Oct. 17, 2025), are grants of summary judgment; but regardless of posture, their *legal* interpretations of the statutory term "in transit" is highly probative. Mot. at 8-9. Plaintiff then incorrectly claims that the complaints in *Hazel v. Prudential Financial, Inc.*, 2023 WL 3933073 (N.D. Cal. June 9, 2023) (Breyer, J.), and *Doe v. Eating Recovery Center LLC*, 2024 WL 2852210 (N.D. Cal. June 4, 2024), were less detailed than his Complaint. *See* Opp'n at 5. In *Hazel*, Plaintiff alleged "real time" tracking that began "the moment a user accesses the webpage," and explained how the data was collected in real time during

---

Plaintiff also cites *Deivaprakash v. Condé Nast Digital*, 798 F. Supp. 3d 1101 (N.D. Cal. 2025), and *Xu v. Reuters News & Media Inc.*, 2025 WL 3035016 (Cal. Super. Oct. 24, 2025), though both addressed only statutory standing. *Deivaprakash*, 798 F. Supp. 3d at 1107; *Xu*, 2025 WL 3035016, at *2-3; *see Khamooshi v. Politico LLC*, 786 F. Supp. 3d 1174, 1182 n.5 (N.D. Cal. May 13, 2025) ("Article III standing is different from, and not to be measured by, statutory standing.") (citations omitted).

[2] In Plaintiff's authority, the purchase was *tied* to the misconduct, whereas here, Plaintiff has no complaint about the computer or its price. *Cf. In re Google Assistant Priv. Litig.*, 546 F. Supp. 3d 945, 971 (N.D. Cal. 2021) (plaintiff allegedly *overpaid* because product collected data); *Toy v. Life Line Screening of America Ltd.*, 2024 WL 1701263, at *2 (N.D. Cal. Mar 19, 2024) ("maintaining the confidentiality of her health information was part of what [plaintiff] was paying Life Line for"); *Bowen v. Energizer Holdings, Inc.*, 118 F. 4th 1134, 1144-46 (9th Cir. 2024) (in non-data collection case, plaintiff alleged he would not have purchased or would have paid less for it absent false advertising on label).

the communication session. 2023 WL 3933073, at *3. In *Eating Recovery*, the complaint "contain[ed] multiple allegations" that the transmission was instantaneous and explained how the "code redirects users' communications 'simultaneously as the actions and communications on the website take place.'" 2024 WL 2852210, at *1. Here, Plaintiff's conclusory allegations merely repeat the words "real time" and "automatically." *See* Mot. at 9 (collecting cases). Further, the transmission of information in "real time" or generation of information "automatically" does not equate to *interception* while *in transit*.

***Second***, Plaintiff's Opposition relies on incorrect paraphrasing of the Complaint. As to "in transit," Plaintiff cites Paragraphs 132 to 137 of his Complaint, contending he alleges that interception occurred "during the page-load process." Opp'n at 4 (citing Compl. ¶¶ 132-137), 5 n.3 (similar). But Paragraphs 134 through 137 do not relate to this issue. *See* Compl. ¶¶ 134 (alleging collection and use is "unlawful"), 135 (alleging data captured is "content"), 136 (alleging "use of a device"), 137 (alleging "lack of consent"). And Paragraphs 132 and 133 merely allege in a conclusory fashion that (1) Tracking Technologies transmit data "in real time," *id*. ¶ 132, and (2) transmission is initiated "automatically during the same browser session," *id.* ¶ 133. In uncited paragraphs of his Complaint, Plaintiff alleges that the Tracking Technologies "executed" "during the page load process," *id.* ¶ 129, but execution during "page load" does not equate to the conclusion that any communication was *intercepted* while *in transit*.

As to the "read, attempted to require, or learned the contents of" requirement of CIPA, Plaintiff claims Paragraphs 163 and 167 allege that Lenovo learned the content of Plaintiff's communications as they were "exchanged." Opp'n at 4 (citing Compl. ¶¶ 163, 167). But Paragraph 163 merely recites the statutory language of Section 631(a). *See* Compl. ¶ 163. And Paragraph 167 alleges only the conclusion that "[t]he Tracking Technologies"—which were allegedly run by third parties, not Lenovo, *id*. ¶ 55, "intended to learn and did learn some meaning of the content." *Id*. ¶ 167. This allegation does not support that *Lenovo* learned any content, much less that this purported learning occurred in transit.

Finally, the argument that Lenovo allegedly subsequently used the intercepted communications, *see* Opp'n at 5, sidesteps the issue. Subsequent use is barred only to the extent the information was obtained unlawfully—that is, intercepted while "in transit"—in the first instance. Plaintiff fails the first step and thus never makes it to the second. *See* Cal. Pen. Code § 631(a); *Tavernetti v. Superior Ct.*, 22 Cal.3d 187, 192 (1978) ("use" must be of "information obtained as a result of engaging in" an attempt to

learn the content of a communication while "in transit"). *Javier v. Assurance IQ, LLC* does not hold otherwise, as there this Court addressed whether plaintiff adequately alleged that ActiveProspect was a third party under Section 631(a), *not* whether use could create liability even absent meeting the "in transit" requirement. *See generally* 649 F. Supp. 3d 891 (N.D. Cal. Jan. 5, 2023) (Breyer, J.).

**Content.** Plaintiff's Opposition concedes numerous key issues. ***First***, Plaintiff does not dispute that IP addresses, advertising IDs, device IDs, cookie data, referring pages, and device metadata are not content. *Compare* Mot. at 9-10 (collecting cases), *with* Opp'n at 5-6 (addressing only whether full-string URLs are content). And, ***second***, Plaintiff does not dispute that because the information Lenovo allegedly collected—including full-string URLs—was generated automatically, it does not constitute content. *Compare* Mot. at 10 (collecting cases), *with* Opp'n at 5-6 (failing to address that data generated automatically is not content). Plaintiff has thereby conceded that the information Lenovo allegedly collected is not content and therefore his ECPA and CIPA claims must be dismissed with prejudice. *Scarlett v. Cnty. of Santa Clara*, 2024 WL 4804978, at *5 (N.D. Cal. Nov. 15, 2024) (Breyer, J.).

Beyond the concessions, Plaintiff's ECPA and CIPA claims fail regardless. Plaintiff's reliance on *Byars* to argue that "[h]e need not plead the exact URL strings" in order to adequately allege content was captured, Opp'n at 5 (citing *Byars v. Goodyear Tire and Rubber Co.*, 654 F. Supp. 3d 1020, 1027 (C.D. Cal. Feb. 3, 2023)), is misplaced. *Byars* does not address full string URLs at all, but relates to capturing "a website visitors' chat conversation" and whether a plaintiff must "specifically allege the contents of her communications" via the website's chat function. 654 F. Supp 3d at 1027.[3]

Plaintiff's attempt to distinguish *King v. Hard Rock Cafe Int'l*, 2025 WL 1635419 (E.D. Cal. June 9, 2025), also fails. Here, as in *King*, Plaintiff does not adequately allege content because he does not "describe [his] browsing activity, such as what webpages [he] viewed, what buttons [he] clicked, what search terms [he] used, [or] what destinations [he] searched for[.]" 2025 WL 1635419, at *4.

2. Plaintiff Does Not Allege any "Confidential Communications" Under CIPA.

Plaintiff fails to allege any "confidential communications" under Section 632 because (1) there is

---

[3] Neither *Gilligan v. Experia Data Corp.*, 2026 WL 32259, at *3 (N.D. Cal. Jan. 6, 2026), *Smith v. Rack Room Shoes, Inc.*, 2025 WL 1085169, at *4 (N.D. Cal. Apr. 4, 2025), nor *Selby v. Sovrn Holdings, Inc.*, 2025 WL 2950164, at *3 (N.D. Cal. Oct. 17, 2025), discuss the specificity required to allege that full-string URLs are "content," but simply hold that they *may* constitute content if adequately alleged.

no reasonable expectation of privacy in internet communications and (2) Lenovo provided reasonably conspicuous notice of its data collection practices, to which Plaintiff consented. Mot. at 10-11.

***First***, Plaintiff's case law regarding the alleged collection of health information is inapposite. *M.G. v. Therapymatch, Inc.* 2024 WL 4219992, at *5 (N.D. Cal. Sept. 16, 2024) (lawsuit involving collection of health information); *In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d 778, 799 (N.D. Cal. Dec. 22, 2022) (same; holding that "[c]ommunications made in the context of a patient-medical provider relationship are readily distinguishable from online communications in general"). Health information may be sensitive, but there is also no allegation that such information was captured here.

***Second***, Plaintiff cannot rely on purported BDTR violations, as those have not been adequately alleged. *See* Mot. at 12-13; *see also* Section II.B.4, *infra*.

***Third***, Plaintiff's vague reference to Lenovo's alleged "omissions" fails as, here too, Plaintiff relies on non-existent allegations. The vast majority of the cited paragraphs do not refer to any purported omissions at all. *See* Opp'n at 6 (citing Compl. ¶¶ 63-64, 78-80, 85, 117). The one cited paragraph that does fails as Lenovo did provide "clear [and] conspicuous notice" of the use of cookies on its Website. *See* Opp'n at 6 (citing Compl. ¶ 138); *but see* RJN, Exs. 1-3; *see also* Compl. ¶ ¶ 78-79, 85, 101, 150 (alleging Lenovo disclosed its data collection practices in its Privacy Policy).

3. <u>Lenovo, a Party to the Communications, is Exempt Under the ECPA and CIPA</u>.

**ECPA.** Plaintiff does not dispute that Lenovo cannot be liable pursuant to the ECPA as a party to Plaintiff's alleged communication with Lenovo. *Compare* Opp'n at 6-7, *with* Mot. at 11. Plaintiff also does not dispute that, even if not a party to the alleged communication, Lenovo cannot be liable under the ECPA as an accomplice to the Tracking Technologies' alleged collection. *Id.* Plaintiff therefore concedes that Lenovo cannot be liable pursuant to the ECPA *See Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1210 n.7 (N.D. Cal. 2013) (Breyer, J.).

**CIPA.** Plaintiff contends that Lenovo is liable for aiding a third party. Opp'n at 6. But Plaintiff has not alleged that the Tracking Technologies are intercepting for a use beyond supplying the data back to Lenovo, nor does Plaintiff allege that they have the ability to do so. *See* Mot. at 11 (collecting cases). Plaintiff cites various paragraphs of his Complaint, contending that he alleged that the Tracking Technologies can use the data, but these Paragraphs allege only that the data was purportedly used *by*

*Lenovo* or refer to what hypothetical entities can hypothetically do with data. Opp'n at 7 (citing Compl. ¶¶ 56-59 (alleging Lenovo collects data via the Tracking Technologies), 65-66 (alleging hypothetically data uses), 69 (alleging how a hypothetical entity can hypothetically use data), 101-102 (alleging Lenovo used data "for its own purposes"), 192-193 (alleging Lenovo received a benefit from its own use)).[4]

4. Plaintiff Cannot Overcome the ECPA's One Party Consent Rule.

Plaintiff's attempt to overcome consent by invoking the crime-tort exception fails.

**No BDTR Violation.** ***First***, Lenovo's alleged conduct is exempt from the BDTR because the alleged conduct was part of Lenovo's operation of an online marketplace for the purchase and sale of goods. 28 C.F.R. § 202.505(b)(5); *see* Compl. ¶¶ 95-101. This exemption is not limited to "payment or delivery information" collected to "fulfill his order," as Plaintiff contends. Opp'n at 7. It applies broadly to data collected for e-commerce activities. *See*, *e.g.*, 90 Fed. Reg. 1636-01, 1647-48 (Jan. 8, 2025); *id.* at 1649, 1677-78.[5] Plaintiff's reliance on *Baker v. Index Exchang*e, 2026 WL 1734901 (N.D. Ill. June 16, 2026), does not alter this result as, contrary to Plaintiff's argument, the exemption for online marketplaces was not before the court, nor did the court hold that the applicability of the BDTR always raises fact issues. *See id.* at *6-8. Instead, *Baker* merely stands for the proposition that an adequately alleged BDTR violation can be relied on to satisfy the crime-tort exception. *Id.*

***Second***, Plaintiff fails to allege a "covered" or a "restricted" data transaction" because he does not allege "data brokerage"—that the data was sold, licensed, or part of a similar commercial transaction. 28 C.F.R. §§ 202.214(a), 202.210(a), 202.401(a). The cited Complaint paragraphs allege only that Lenovo "permits access to, or transfer of" data to its parent company, which is insufficient. Compl. ¶¶ 56-61.[6] And while a "covered data transaction" may also involve an investment agreement, *see* 28 C.F.R.

[4] *Javier*, 649 F. Supp. 3d 891, supports this result. There, unlike here, the third party was alleged to "have the capability to use" the at issue data. *Id*. at 900 (emphasis in original).

[5] Paragraphs 82 to 84 do not in fact allege that "Lenovo's industry group asked DOJ for this kind of broad exemption, and DOJ said no." Opp'n at 7. In fact, they refer to a request for a *different* exemption (which was not adopted), for purposes of "product research, development, and improvement." Compl. ¶¶ 82-84. And Plaintiff's citation to the DOJ's declination to include "consumer transactions for goods and services" (*see* Opp'n at 7) is irrelevant. The DOJ explained this was "unnecessary in light of the rule's text and examples" which make clear the rule does not apply here. 90 Fed. Reg. at 1678.

[6] Plaintiff also argues that his data has intrinsic value. *See* Opp'n at 7-8 n.7 (citing Compl. ¶¶ 189-193). This does not show that the data was part of a commercial transaction. Compl. ¶¶ 189-193.

§ 202.210(a), the Complaint alleges only "a covered data transaction involving data brokerage," not an investment agreement. Compl. ¶ 150.

**No Independent Criminal or Tortious Purpose.** Plaintiff cites to various paragraphs alleging that Lenovo intercepted the communications for its own purposes, including enriching persistent profiles and databases. Opp'n at 8 (citing Compl. ¶¶ 14-17, 65-66, 101-102, 139, 155).[7] This is insufficient. *See* Mot. at 13 (collecting cases). Nor is it sufficient that Plaintiff purportedly alleges that Lenovo's purpose was to violate the BDTR (Opp'n at 8), as Plaintiff does not adequately allege a violation of the BDTR. *See* Mot at 12; *see also* Section II.B.4, *supra*.

Plaintiff's authority is inapposite. Unlike this case, each involved allegations that the defendant's primary purpose was to sell the data to third parties for profit. *See* Opp'n at 8-9 (citing *Dellasala*, 2026 WL 1138358, at *10; *Riganian v. LiveRamp Holdings, Inc.*, 791 F. Supp. 3d 1075, 1091 (N.D. Cal. 2025); *Krzyzek v. OpenX Techs., Inc.*, 817 F. Supp. 3d 857, 869 (N.D. Cal. 2026)).

Finally, Plaintiff relies on manufactured allegations in asserting that he "expressly alleges" "a purpose of facilitating blackmail." Opp'n at 9 (citing Compl. ¶¶ 16-17, 69-70). While Plaintiff alleges in the Complaint that disclosure of data may theoretically "increase the potential for" and "can be weaponized for" "blackmail," Plaintiff does not allege that *Lenovo* collected Plaintiff's data for the purpose of facilitating blackmail. *Compare* Opp'n at 9, *with* Compl. ¶¶ 16-17, 69-70.

5. <u>Consent Bars Plaintiff's CIPA Claims</u>.

Plaintiff's factual arguments as to consent fail, as detailed in Lenovo's Reply ISO its Request for Judicial Notice. Exhibit 1, which accurately depicts cookie banner as Plaintiff would have seen it, makes clear that Plaintiff was not required to scroll to the bottom of the Website to see the banner—rather, it persistently appeared at the bottom of the screen, regardless of where Plaintiff scrolled. *See* RJN, Ex. 1.

Plaintiff's legal arguments likewise fail. ***First***, Plaintiff argues that consent was "ineffective" because the Tracking Technologies allegedly collected Plaintiff's data "before any banner [was] displayed, before any policy [was] presented, and before any button [was] clicked." Opp'n at 10 (citing

[7] Plaintiff also cites to Paragraphs 69 and 70 of his Complaint (*see* Opp'n at 8), but these paragraphs relate to Lenovo Group's alleged use of the data—not Lenovo's purpose in allegedly intercepting the communications. *See* Compl. ¶¶ 69-70. Similarly, Paragraphs 140 to 154 cited by Plaintiff (*see* Opp'n at 8) do not relate to Lenovo's purpose. *See id.* ¶¶ 139-154.

Compl. ¶¶ 55-58, 63-64, 98-100, 127-138). But the only two paragraphs cited that relate to Plaintiff's consent are conclusory, failing to state that tracking occurred before the banner was displayed, the policy was presented, or a button was clicked, and stating only generally, without factual support, that the alleged tracking occurred "before . . . consent" and Plaintiff "did not consent." Compl. ¶¶ 131, 137.[8]

***Second***, Plaintiff alleges "a reasonable user would not have understood" what was being disclosed and shared. Opp'n at 10. In fact, Lenovo disclosed precisely what cookies were deployed, the information collected by each, the purpose for the collection, and whether (and with whom) the information was shared. RJN, Exs. 1-3. And while Plaintiff claims that the banner did not "advis[e] Plaintiff that he assented to the privacy policy," Opp'n at 10, in fact it stated, "We use cookies and similar technologies . . . By browsing our site or by selecting 'X,' you agree to our use of cookies and our sharing of information with our partners." RJN, Ex. 1. Plaintiff did not opt out and continued to navigate the Website. Mot. at 13-14. These hyper-specific disclosures are far from "generalized." *See id.*

***Third***, Plaintiff's reliance on *Rusow v. Skinspirit Essential LLC*, 2025 WL 4657637 (N.D. Cal. Oct. 25, 2025), *Meta Pixel*, 647 F. Supp. 3d 778, and *Lynch v. Express Scripts Holding Co.*, 2025 WL 2224419 (N.D. Cal. Aug. 5, 2025), is misplaced. *See* Opp'n at 10-11. Each case involved the collection of health information, but courts find "broad language" in privacy policies "to be sufficient to establish consent to third-party tracking" where healthcare data is not at issue, even though courts do not "interpret[] privacy policies with the same liberality when it comes to health data." *Rusow*, 2025 WL 4657637, at *9 (citing *Meta Pixel*, 647 F. Supp. 3d at 793-94).

***Fourth***, Plaintiff argues that Lenovo did not disclose that Plaintiff's data allegedly "would be used in violation of federal law." Opp'n at 10. But this argument fails because Plaintiff does not adequately allege a BDTR violation. *See* Mot. at 12-13; *see also* Section II.B.4, *supra*.

### C. Plaintiff Fails to Allege Constitutional Privacy Claims (Counts Five and Six).

**No Reasonable Expectation of Privacy.** *Hammerling v. Google LLC*, 615 F. Supp. 3d 1069

[8] Paragraphs 98-100, 127-130, and 132-137 do not relate to disclosures, the privacy statement, or consent. *See* Compl. ¶¶ 98-100, 127-130, 132-137. Paragraphs 55-58 and 63-64 are not specific to Plaintiff, referring only to hypothetical "users" generally and thus are irrelevant to whether Plaintiff consented. *See id.* ¶¶ 55-58, 63-64. And, these allegations state only that the Website loads the Tracking Technologies when the user lands on the Website (*id.* ¶ 55) and Lenovo allegedly "does not require users to validly consent" (*id.* ¶ 63)—not any data was collected before Plaintiff had an opportunity to consent.

(N.D. Cal. 2022), supports Lenovo's Motion, recognizing that "there is no reasonable expectation of privacy when the data collection is within users' common-sense expectation or when the information is not sensitive." *Id*. at 1089. And while in *Hammerling*, the court found a reasonable expectation of privacy because Google "used an 'internal secret program' to collect data while users were not in Google apps," *id.* at 1089-90, Plaintiff here alleges that Lenovo's data collection practices *were* disclosed. *See* Compl. ¶ ¶ 78-79, 85, 101, 150; *see also* Mot. at 10-11, 13-14; Section II.B.5, *supra*.

**No Highly Offensive Intrusion.** Again, Plaintiff manufactures allegations; his Complaint does not adequately allege that information was purportedly collected before Plaintiff had the ability to consent (Opp'n at 12); and does not allege at all that "behavioral dossiers" were created for "use in blackmail, coercion, and targeting of Americans" (*id*. at 13). *See* Section II.B.5, *supra* (Plaintiff does not allege his data was collected before he had an opportunity to consent) & Section II.B.4, *supra* (Plaintiff does not allege blackmail, coercion, or targeting). Nor does Plaintiff's reliance on the BDTR save his claim, as again, Plaintiff fails to adequately allege a BDTR violation. *See* Section II.B.4, *supra*.

Plaintiff's actual allegations describe routine commercial behavior that was clearly disclosed and allegedly resulted in the collection of information that was neither highly personal nor sensitive. *See* Mot. at 14-15; *see also* RJN, Exs. 1-3; Compl. ¶ ¶ 78-79, 85, 101, 150.

**D. Plaintiff Fails to State a Violation of the CDAFA (Count Seven).**

**No Standing.** Plaintiff's Opposition conflates *standing* with *damages*. *Compare* Mot. at 15, *with* Opp'n at 13-14. Even if disgorgement of profits is recoverable under the CDAFA (and numerous courts have found that it is not), it is insufficient to establish standing. *Heiting v. Taro Pharms. USA, Inc.*, 709 F. Supp. 3d 1007, 1021 (C.D. Cal. 2023); *see also Cottle v. Plaid, Inc.*, 536 F. Supp. 3d 461, 488 (N.D. Cal. 2021); *Doe v. Cnty. of Santa Clara*, 2024 WL 3346257 (N.D. Cal. July 8, 2024); *Doe v. Meta Platforms*, 690 F. Supp. 3d 1064, 1081-82 (N.D. Cal. 2023). Neither *Smith v. Rack Room Shoes, Inc.*, 2025 WL 2210002 (N.D. Cal. Aug. 4, 2025), nor *Tsering v. Meta Platforms, Inc.*, 2026 WL 89320 (N.D. Cal. Jan. 12, 2026)—cited by Plaintiff (*see* Opp'n at 13-14)—address CDAFA standing.

**No Data from Computer.** Plaintiff alleges only that the alleged Tracking Technologies accessed data that Plaintiff generated by engaging with the Website—not that they were introduced to or access data on his computer, computer system, or computer network. Compl. ¶¶ 244-252. This is insufficient.

*Allison v. PHH Mortg.*, 2026 WL 1353827, at *7 (N.D. Cal. May 14, 2026).[9]

**Not Without Permission.** Plaintiff consented, providing permission. *See* Section II.B.5, *supra*.

### E. Plaintiff Fails to Allege a Violation of the UCL (Count Eight).

**No Standing.** Plaintiff's conclusory allegations that he would not have purchased a Lenovo computer had he known about Lenovo's alleged data collection practices are insufficient to establish UCL standing. *See* Mot. at 16 (collection cases). Unlike here, the allegations in *Toy* 2024 WL 1701263, at *2, cited by Plaintiff (Opp'n at 14), related to a purchase of an "at-home health test" and were closely tethered to the plaintiff's allegations related to "maintaining the confidentiality of her health information." *Compare* with Compl. ¶ 260. And *Donahue v. Apple, Inc.*, 871 F. Supp. 2d 913 (N.D. Cal. May 10, 2012), also cited by Plaintiff (*see* Opp'n at 14), does not relate to online data collection at all.

**No "Unlawful" or "Unfair" Conduct.** Plaintiff has not adequately alleged a predicate violation of any law (including a BDTR or common law violation), nor any unfair conduct, thus dooming his UCL claim. *See* Mot. at 16-17. Moreover, his UCL "unfair" claim is duplicative of his statutory claims, further warranting dismissal.[10] *See id.*; *see also* Opp'n at 15.

### F. Plaintiff Fails to State a Claim for Unjust Enrichment (Count Four).

Plaintiff argues that his claim for unjust enrichment may proceed in the alternative to his legal claims. Opp'n at 15. But Plaintiff does not dispute, and thereby concedes, that he fails to allege that Lenovo unjustly retained a benefit as his expense, as he does not allege that his data has become less valuable or that he was otherwise deprived of a benefit. *Compare* Mot. at 17, *with* Opp'n at 15. Nor does Plaintiff dispute that he has adequate legal remedies. Opp'n at 15. In such circumstances, an unjust enrichment claim cannot lie. *In re Sony PS3 Other OS Litig.*, 551 F. App'x 916, 923 (9th Cir. 2014).

## III. CONCLUSION

Lenovo respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice.

---

[9] Plaintiff's Opposition argues a violation Sections 502(c)(1) and 502(c)(8). *See* Opp'n at 14. But Plaintiff's Complaint alleges only a purported violation of Section 502(c)(2). Compl. ¶ 246. Thus, Plaintiff's arguments as to Section 502(c)(1) and 501(c)(8) should be disregarded.

[10] The "unfair" conduct Plaintiff alleges is the same alleged "violation of . . . [the] interests protected by the statutes" at issue in his Complaint. Compl. ¶ 257.

Dated: August 26, 2026

By: **AKIN GUMP STRAUSS HAUER & FELD LLP**

*/s/ Laura D. Smolowe*

Laura D. Smolowe
Lauren E. Huennekens
1999 Avenue of the Stars, Suite 600
Los Angeles, CA 90067

Ashley Vinson Crawford
Fatima Bishtawi
**AKIN GUMP STRAUSS HAUER & FELD LLP**
100 Pine Street, Suite 3200
San Francisco, CA 94111

Elizabeth Scott (*pro hac vice*)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2300 N. Field Street, Suite 1800
Dallas, TX 75201

Attorneys for Defendant
LENOVO (UNITED STATES) INC.