**AKIN GUMP STRAUSS HAUER & FELD LLP**
LAURA D. SMOLOWE (SBN 263012)
lsmolowe@akingump.com
LAUREN E. HUENNEKENS (SBN 328855)
lhuennekens@akingump.com
1999 Avenue of the Stars, Suite 600
Los Angeles, CA 90067
Telephone: (310) 229-1000
Facsimile: (310) 229-1001

**AKIN GUMP STRAUSS HAUER & FELD LLP**
ASHLEY VINSON CRAWFORD (SBN 257246)
avcrawford@akingump.com
FATIMA BISHTAWI (SBN 363224)
fbishtawi@akingump.com
100 Pine Street, Suite 3200
San Francisco, CA 94111
Telephone: (415) 765-9500
Facsimile: (415) 765-9501

**AKIN GUMP STRAUSS HAUER & FELD LLP**
ELIZABETH SCOTT (*pro hac vice*)
edscott@akingump.com
2300 N. Field Street, Suite 1800
Dallas, TX 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343

Attorneys for Defendant
LENOVO (UNITED STATES) INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SPENCER CHRISTY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LENOVO (UNITED STATES) INC.,<br><br>Defendant. | Case No. 3:26-cv-01133-CRB<br><br>**DEFENDANT LENOVO (UNITED STATES) INC.'S REPLY IN SUPPORT OF MOTION TO STRIKE CLASS ALLEGATIONS**<br><br>Date: Not yet set<br>Time: Not yet set<br>Location: Courtroom 6 – 17th Floor<br><br>Date Action Filed: February 5, 2026 |

## TABLE OF CONTENTS


Page

I. INTRODUCTION ..... 1

II. THE COURT SHOULD STRIKE PLAINTIFF'S CLASS ALLEGATIONS ..... 1

A. Plaintiff Accepted the Sales Agreement and its Class Action Waiver and is Bound by its Terms. ..... 1

1. Plaintiff was Provided Reasonably Conspicuous Notice of the Sales Agreement. ..... 2

*i. The Morey Declaration Accurately Depicts What Plaintiff Saw on the Website.* ..... 2

*ii. The Sales Agreement was Reasonably* Conspicuous. ..... 3

2. Plaintiff Unambiguously Manifested His Assent to the Sales Agreement. ..... 8

3. Plaintiff Does Not Dispute that the Class Action Waiver is Enforceable. ..... 9

B. The Nationwide Unjust Enrichment Class Allegations Must Be Stricken. ..... 10

III. CONCLUSION ..... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Berman v. Freedom Fin. Network, LLC*,
30 F.4th 989 (9th Cir. 2022) .......... 8

*Chabolla v. ClassPass Inc.*,
2023 WL 4544598 (N.D. Cal. June 22, 2023), *aff'd*, 129 F.4th 1147 (9th Cir. 2025) .......... 7

*Cholakyan v. Mercedes Benz-USA, LLC*,
796 F. Supp. 2d 1220 (C.D. Cal. June 30, 2011) .......... 9

*Cody v. Fullbeauty Brands Inc.*,
2025 WL 2725639 (C.D. Cal. Aug. 26, 2025) .......... 4

*Dohrmann v. Intuit, Inc.*,
823 F. App'x 482 (9th Cir. 2020) .......... 3, 6

*Farmer v. BarkBox, Inc.*,
2023 WL 8522984 (C.D. Cal. Oct. 6, 2023) .......... 7

*Ghazizadeh v. Coursera, Inc.*,
737 F. Supp. 3d. 911 (N.D. Cal. June 20, 2024) .......... 6

*Godun v. JustAnswer LLC*,
135 F.4th 699 (9th Cir. 2025) .......... 4, 8

*Graves v. Southwestern & Pacific Specialty Finance, Inc.*,
2013 WL 5945851 (N.D. Cal. Nov. 4, 2013) .......... 9

*Hines v. Overstock.com, Inc.*,
668 F. Supp. 2d 362 (E.D.N.Y. 2009), *aff'd*, 380 F. App'x 22 (2d Cir. 2010) .......... 7

*Keebaugh v. Warner Bros. Ent. Inc.*,
100 F.4th 1005 (9th Cir. 2024) .......... 4, 5, 6

*L.W.A. v. LinkedIn Corp.*,
2025 WL 2780788 (N.D. Cal. Sept. 30, 2025) .......... 6

*Landon v. TSC Acquisition Corp.*,
2024 WL 5316981 (C.D. Cal. Apr. 10, 2024) .......... 8

*Lopez v. Dave, Inc.*,
2023 WL 8594393 (9th Cir. 2023) .......... 7

*Lugo v. City of Redondo Beach*,
2022 WL 17078890 (C.D. Cal. Sept. 1, 2022) .......... 9

*Massel v. Successfulmatch.com*,
2025 WL 2452371 (9th Cir. Aug. 26, 2025) .......... 6

*Mazza v. Am. Honda Motor Co.*,
666 F.3d 581 (9th Cir. 2012) .......... 10

*Nail v. Lens.com, Inc.*,
2024 WL 3723912 (C.D. Cal. June 20, 2024) .......... 4

*Nguyen v. Barnes & Noble, Inc.*,
763 F.3d 1171 (9th Cir. 2014) .......... 7

*Nixon v. Vegas.com, LLC*,
2025 WL 3719885 (N.D. Cal. Dec. 23, 2025) .......... 5, 7

*Oberstein v. Live Nation Ent., Inc.*,
60 F.4th 505 (9th Cir. 2023) .......... 6

*Patrick v. Running Warehouse, LLC*,
93 F.4th 468 (9th Cir. 2024) .......... 5

*Plata v. Lands' End, Inc.*,
2024 WL 5339858 (C.D. Cal. Dec. 19, 2024) .......... 7

*Ramirez v. Ghilotti Bros. Inc.*,
941 F. Supp. 2d 1197 (Breyer, J.) .......... 4

*Rushing v. Williams-Sonoma, Inc.*,
2025 WL 2391394 (N.D. Cal. Aug. 18, 2025) .......... 2

*Scarlett v. Cnty. of Santa Clara*,
2024 WL 4804978 (N.D. Cal. Nov. 15, 2024) (Breyer, J.) .......... 9

*Schlueter-Beckner v. SimpliSafe, Inc.*,
2025 WL 2162948 (N.D. Cal. July 30, 2025) .......... 5, 7

*Sellers v. JustAnswer LLC*,
73 Cal. App. 5th 444 (2021) .......... 4, 8

*Seneca v. Homeaglow, Inc.*,
2024 WL 750029 (C.D. Cal. Feb. 7, 2024), *aff'd*, 2025 WL 852896 (9th Cir. Mar. 19, 2025) .......... 7

*Serrano v. Open Rd. Delivery Holdings, Inc.*,
666 F. Supp. 3d 1089 (C.D. Cal. 2023) .......... 7

*Sidney-Vinstein v. A.H. Robins Co.*,
697 F.2d 880 (9th Cir. 1983) .......... 9

*In re Wal-Mart Stores, Inc. Wage and Hour Litig.*,
505 F. Supp. 2d 609 (N.D. Cal. 2007) .......... 9

*Whalen v. NBA Props., Inc.*,
2025 WL 1948591 (N.D. Cal. July 16, 2025) .......... 5, 6

*Williams v. Alameda Cnty.*,
2023 WL 4552108 (N.D. Cal. July 14, 2023) (Breyer, J.) .......... 9

# I. INTRODUCTION[1]

Lenovo's Motion to Strike Plaintiff's Class Allegations raised two distinct arguments: (1) Plaintiff accepted the Sales Agreement and its class action waiver and (2) Plaintiff's nationwide unjust enrichment class allegations separately must be stricken due to material differences in state law.

As to Lenovo's first argument, Plaintiff disputes that he accepted the Sales Agreement, but his arguments rest on misrepresentations of the online purchase flow process, mischaracterizations of the Declaration of Kevin Morey, and readily distinguishable case law. Contrary to Plaintiff's contentions, Plaintiff was provided reasonably conspicuous notice of the Sales Agreement prior to his purchase and he affirmatively accepted the Sales Agreement in order to complete his purchase. Notably, Plaintiff does not dispute that the class action waiver is enforceable, and thus concedes that it is. As a result, Plaintiff cannot pursue his claims on behalf of the putative class and his class allegations must be stricken.

As to Lenovo's second argument, Plaintiff argues that striking his nationwide unjust enrichment class allegations is premature. But the case law does not support Plaintiff's position. Thus, even if the Court does not enforce the class action waiver, at a minimum, Plaintiff's nationwide unjust enrichment claims must be stricken.

# II. THE COURT SHOULD STRIKE PLAINTIFF'S CLASS ALLEGATIONS

## A. Plaintiff Accepted the Sales Agreement and its Class Action Waiver and is Bound by its Terms.

Plaintiff accepted the Sales Agreement and its class action waiver when he purchased his Lenovo computer. And while Plaintiff spends two pages of his Opposition arguing that the Sales Agreement is a "browsewrap" agreement, not a "clickwrap" agreement, Opp'n at 6-8, Plaintiff and Lenovo agree that "the precise label does not matter; so long as the agreement gave reasonably conspicuous notice and Plaintiff manifested assent." Opp'n at 8 (cleaned up, quoting *Kamath v. Coinbase, Inc.*, 2024 WL 950163, at *4 n.3 (N.D. Cal. Mar. 5, 2024) (Breyer, J.)); Mot. at 10 (quoting same). Here, Plaintiff was provided reasonably conspicuous notice and manifested his assent. His arguments to the contrary fail.

---

[1] Plaintiff submitted an omnibus opposition to Lenovo's separately filed Motion to Compel Arbitration and Motion to Strike Class Allegations. As the two motions will be heard on different dates, Lenovo files two separate replies, consistent with its filing of two separate motions.

1. Plaintiff was Provided Reasonably Conspicuous Notice of the Sales Agreement.

*i. The Morey Declaration Accurately Depicts What Plaintiff Saw on the Website.*

Plaintiff raises three challenges to the Declaration of Kevin Morey, but Plaintiff's challenges misrepresent the online purchase flow process, Mr. Morey's attestations, and Lenovo's burden.

***First***, Plaintiff argues that Lenovo has "provide[d] *no evidence* of how the relevant [web]pages actually appeared to any consumer" because, according to Plaintiff's say-so, the screenshots in Mr. Morey's declaration are not accurate depictions of the webpages. Opp'n at 5 (emphasis in original). Plaintiff is wrong. Mr. Morey's declaration provides screenshots of the relevant webpages as consumers would have seen them, attesting to the precise purchase flow that "any prospective purchaser" would have been "required" to follow as of December 11, 2025 (Plaintiff's purchase date) with screenshots of the relevant webpages that prospective purchasers would have seen as of that date. Morey Decl. ¶¶ 5-12.

While Plaintiff speculates that "no phone or computer's aspect ratio would show" the webpages as depicted in Mr. Morey's declaration, Plaintiff cites no support for this contention. Opp'n at 5. Nor could he. As an initial matter, Lenovo has submitted a declaration attaching "screenshot[s] of the relevant webpage[s]"; there is no basis to challenge that the aspect ratio of the device used to capture the screenshots showed the webpages as depicted. Morey Decl. ¶¶ 5-12. Further, it is a matter of common sense that every phone, computer, or other device is capable of depicting any webpage differently, depending on (1) the size of the device's screen; (2) the size of the internet window on the device's screen; (3) the zoom settings on the device; and (4) the zoom settings on the internet window, among other things. Plaintiff's own authority recognizes this. *See* Opp'n at 5 (citing *Rushing v. Williams-Sonoma, Inc.*, 2025 WL 2391394, at *4 (N.D. Cal. Aug. 18, 2025) ("Logically, the visual elements present on an online website page would differ, given the obvious size constraints, when viewed through a traditional desktop or through a mobile app or on a mobile device.")).[2] To be sure, Plaintiff concedes

[2] The holding of *Rushing*, cited by Plaintiff, is inapposite. In *Rushing*, the defendant provided "[n]o screenshots . . . to show how [the online checkout] process *appeared* in any of the apps used by multiple WSI brands," nor did it provide screenshots or a declaration supporting that the exemplar screenshots it provided "were visually, materially identical across all of the brands," applicable to the relevant time period, or relevant to how the website appeared "to a purchaser using an app or a browser on a mobile device." 2025 WL 2391394, at *4-5. But here, Lenovo provided screenshots of the online purchase flow process on a computer as of December 11, 2025 and a declaration attesting that the

(*Cont'd on next page*)

that he intentionally "cropped" his screenshot of the relevant webpage "to emphasize bottom of page with hyperlink invisible." Opp'n at 6. But that is beside the point, as any slight differences based on devices would not materially alter that the notice was reasonably conspicuous.

***Second***, Plaintiff contends that Mr. Morey "does not even attest that his declaration represents how the page appeared to Mr. Christy." Opp'n at 5. This too is false. Mr. Morey attests that the screenshots and his descriptions demonstrate the "purchase process on December 11, 2025," the date of Plaintiff's purchase. Morey Decl. ¶¶ 5-13. Mr. Morey further attests that "[o]n December 11, 2025, Plaintiff would have followed the same general process when he purchased the Legion Tower 7i Gen 10 (Intel) with RTX™ 5080 from the Website, after he added the Legion Tower 7i Gen 10 (Intel) with RTX™ 5080 to his cart by selecting 'Add to Cart'." *Id.* ¶ 13.

***Third***, Plaintiff argues that, on his computer, only the "Place Order" button was visible and he would have needed to scroll down to see the language immediately below the "Place Order" button stating, "I have read and agree to the Privacy Policy, Lenovo Sales Agreement & verify that I am over the age of 18." Opp'n at 3, 6; Declaration of Spencer Christy in Supp. of Opp'n ("Plaintiff Decl.") ¶¶ 4-6. Here, Plaintiff misstates Lenovo's burden. Lenovo is not required to prove that Plaintiff received actual notice of the Sales Agreement. Rather, Lenovo is required to prove only inquiry notice—that is, that the notice would have been reasonably conspicuous to a "reasonably prudent Internet consumer." Dohrmann, 823 F. App'x at 483 ("Mutual assent does not require that the offeree have actual notice of the terms of an arbitration agreement. Instead, an offeree is bound by an arbitration clause if 'a reasonably prudent Internet consumer' would be put on 'inquiry notice' of the 'agreement's existence and contents.'" (quoting Long v. Provide Commerce, Inc., 245 Cal. App. 4th 855, 863 (2016))). In light of the foregoing, Plaintiff's declaration detailing his particular experience is not relevant to the analysis.

*ii. The Sales Agreement was Reasonably Conspicuous.*

Lenovo provided reasonably conspicuous notice of its Sales Agreement, considering the context of the transaction and the visual aspects of the purchase flow process.

**Context of the Transaction.** Plaintiff argues that because he made a one-time purchase, the

screenshots demonstrated the purchase flow for any prospective purchaser making an online purchase on December 11, 2025. Morey Decl. ¶¶ 5-13. The screenshots and declaration thus align with Plaintiff's purchase made on December 11, 2025 on a computer. Morey Decl. ¶ 4; Plaintiff Decl. ¶ 4.

context of the transaction did not put him on notice to look for additional terms. Opp'n at 9. But Plaintiff fails to contend with the specific context of his transaction, instead focusing on generalities and inapplicable case law. Plaintiff purchased a *$3,849.99* gaming computer. Morey Decl., Ex. 1. This is not a "trivial" purchase akin to the "single item" purchase of "a pair of socks," as contemplated by the Court in *Sellers v. JustAnswer LLC*, 73 Cal. App. 5th 444 (2021), when explaining that a consumer purchasing socks "would not expect to be bound by contractual terms." *Id.* at 465; *see* Opp'n at 9 (citing *Sellers*). To that end, case law makes clear that single item purchase *can* put a purchaser on notice that terms may apply. *See, e.g., Nail v. Lens.com, Inc.*, 2024 WL 3723912, at *4 (C.D. Cal. June 20, 2024) (transferring case based on acceptance of online Terms of Use which contained a forum selection clause, and holding "[p]urchasing a product, unlike a free trial, contemplates 'some sort of continuing relationship,' especially as it would relate to the purchase itself." (quoting *Oberstein v. Live Nation Ent., Inc.*, 60 F.4th 505, 517 (9th Cir. 2023)).

Further, Plaintiff does not dispute that a relevant contextual factor is the use of a credit card for the purchase, as Plaintiff did here. *See* Mot. at 9 n.4 (citing Morey Decl. ¶ 4; *Whalen v. NBA Props., Inc.*, 2025 WL 1948591, at *4 (N.D. Cal. July 16, 2025) (Plaintiffs' "provi[sion] [of] their credit card information" is a "factor[] . . . indicative of an ongoing relationship that should have put Plaintiffs on alert for contractual terms.")); *see also Godun v. JustAnswer LLC*, 135 F.4th 699, 710 (9th Cir. 2025) (a relevant factor to determining whether any particular notice is sufficient to put a consumer on inquiry notice of contractual terms is "whether a user enters credit card information"). By failing to dispute this point, Plaintiff concedes it. *Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1210 n.7 (Breyer, J.) (collecting cases; failure to respond to an argument in opposition concedes the issue).

Moreover, "the context of the transaction is a *non-dispositive factor* under California law." *Keebaugh v. Warner Bros. Ent. Inc.*, 100 F.4th 1005, 1019 (9th Cir. 2024) (emphasis added). "Treat[ing] this factor as dispositive" is "erroneous." *Id.* As such, courts regularly find that notice was reasonably conspicuous even where the context of the transaction is insufficient or a single item purchase is involved. *See, e.g., Cody v. Fullbeauty Brands Inc.*, 2025 WL 2725639, at *5 (C.D. Cal. Aug. 26, 2025) (finding notice was reasonably conspicuous and holding"[w]ith respect to the context of the transaction, Plaintiff argues the context of Plaintiff's transaction indicates Plaintiff did not expect to enter an ongoing

contractual relationship when purchasing a single item from Defendant's Website. However, the Ninth Circuit has made clear 'the context of the transaction is a non-dispositive factor under California law, used to evaluate whether a website's notice is sufficiently conspicuous.'" (quoting *Keebaugh*, 100 F.4th at 1019)); *Patrick v. Running Warehouse, LLC*, 93 F.4th 468, 475-77 (9th Cir. 2024) (finding notice of terms was reasonably conspicuous in connection with online purchase of sporting goods); *see also Keebaugh*, 100 F.4th at 1019 (citing *Patrick* favorably in this context).[3]

**Visual Aspects of the Website.** Plaintiff's arguments related to the visual aspects of the website are either factually or legally incorrect in all respects.

***First***, Plaintiff complains that the notice of the Sales Agreement "is printed in a tiny font that is substantially smaller than the text on the surrounding page" and "in [a] non-contrasting color." Opp'n at 10. This is demonstrably false. The text of the notice is the same size as or larger than the majority of the surrounding text. *See* Morey Decl. ¶ 8. The only text that on the webpage that the notice is smaller than are three headings which are in slightly larger, bolded text, reading "3. Review & Pay," "Verify Billing Information," and "Select Card Payment." *Id*. To that end, the text for the "Place Order" button—arguably the most important text on the entire webpage—is the same size as the text for the notice. *Id*. And, the text is black, in contrast to the white background. *Id*.; *see Keebaugh*, 100 F.4th at 1020-21 (reasonably conspicuous notice where, among other things, the notice used "a contrasting font color" as compared to the "dark background"); *Whalen*, 2025 WL 1948591, at *5-6 (reasonably conspicuous notice where Subscriber Agreement was, among other things, "in dark grey text against a white background").

***Second***, Plaintiff contends that the notice of the Sales Agreement is "deemphasized in comparison to the overall screen design" and that the webpage "is crowded with competing visual elements" Opp'n at 10-11. The screenshots provided of the webpage by both Lenovo and Plaintiff defy this contention. *See* Morey Decl. ¶ 8; *see also* Plaintiff Decl. ¶ 5. There is no background artwork or any other graphics or images. *Id.* The only items on the webpage are the notice itself, text boxes to be completed by the

[3] Plaintiff also cites *Nixon v. Vegas.com, LLC*, 2025 WL 3719885, at *6-7 (N.D. Cal. Dec. 23, 2025) and *Schlueter-Beckner v. SimpliSafe, Inc*., 2025 WL 2162948, at *4-5 (N.D. Cal. July 30, 2025), *see* Opp'n at 9, but in these cases the Court found that both the context of the transaction *and* the notice itself were lacking. Here, even if the Court finds a factual question as to the context, as detailed below, the notice was reasonably conspicuous and factually distinguishable from the notices before the Court in *Nixon* and *Schleuter-Beckner*. *See* Section II.A.1.ii; *see also* Mot. at 11 n.6.

user to provide their contact and payment information, and the "Place Order" button. *Id.* There are no additional links or text on the webpage beyond those necessary to place an order. *Id.*

***Third***, Plaintiff contends that the notice of the Sales Agreement was not reasonably conspicuous because the hyperlinks were "in the same color font as the surrounding text," not "in all caps," and "sized noticeably smaller than every other textual element on the page," such that "the only visual distinction is a thin underline." Opp'n at 11. As to the text size, again, this is false. The size of the text is the same as or larger than the surrounding text, with exception of three headings. *See* Morey Decl. ¶ 8. Nor is the fact that the hyperlinks were the same color as the surrounding text and not capitalized sufficient to defeat a finding of reasonably conspicuous notice. Courts—including the Ninth Circuit—routinely find hyperlinks to be reasonably conspicuous where they are underlined or bolded, but the same color as the surrounding text. *See*, *e.g.*, *Massel v. Successfulmatch.com*, 2025 WL 2452371, at *1 (9th Cir. Aug. 26, 2025) (reasonably conspicuous notice even though hyperlink was not in a different font color); *Whalen*, 2025 WL 1948591, at *5-6 (reasonably conspicuous notice where "[t]he hyperlinks [were] underlined" and in "the same color as the rest of" the notice); *Ghazizadeh v. Coursera, Inc.*, 737 F. Supp. 3d. 911, 928 (N.D. Cal. June 20, 2024) (reasonably conspicuous notice where hyperlinks were bolded, but not blue or underlined); *L.W.A. v. LinkedIn Corp.*, 2025 WL 2780788, at *4 (N.D. Cal. Sept. 30, 2025) (reasonably conspicuous notice of arbitration where, "while the hyperlinks [were] not marked in blue, they [were] in bold and underlined"). Further, the hyperlinks were the *only* text on the page underlined, thus clearly distinguishing the hyperlinks from the surrounding text. Morey Decl. ¶ 8.

***Fourth***, Plaintiff contends that notice of agreement was "buried at the bottom on the Website." Opp'n at 11-12. This too is inaccurate. The notice was provided directly below the "Place Order" button. Morey Decl. ¶ 8. Courts—including the Ninth Circuit—routinely find notices placed immediately below the relevant button to provide reasonably conspicuous notice. *Dohrmann*, 823 F. App'x at 484 (reasonably conspicuous notice where notice of Terms of Use was "located directly below the sign-in button"); *Keebaugh*, 100 F.4th at 1020-21 (reasonably conspicuous notice where Terms of Use were "directly beneath the operative Play button"); *Oberstein*, 60 F.4th at 516 (reasonably conspicuous notice where notice was displayed directly below the action button); *Ghazizadeh*, 737 F. Supp. 3d. at 928 (same).

The case law cited by Plaintiff where courts found that relevant notice was not reasonably

conspicuous is readily distinguishable. Each case involved a compounding of design elements not present here: light or non-contrasting font colors, smaller font sizes than surrounding text, hyperlinks that were not bold or underlined, crowded webpages, notice separated from the action button instead of immediately above or below it, and no textual notice informing the user of the existence of the terms at all. *See Nixon v. Vegas.com, LLC*, 2025 WL 3719885, at *6-7 (N.D. Cal. Dec. 23, 2025) (hyperlink in difficult-to-see faint purple and not underlined or bold, webpage was crowded, and notice was smaller than surrounding text); *Schlueter-Beckner v. SimpliSafe, Inc.,* 2025 WL 2162948, at *4-5 (N.D. Cal. July 30, 2025) (notice in small grey text "off to the side—not directly above or below the 'Place Order' button—and was displayed in relatively small text" with "nondistinct hyperlinks"); *Lopez v. Dave, Inc.*, 2023 WL 8594393, at *1 (9th Cir. 2023) (notice "in a tiny gray font considerably smaller than the font used in the surrounding website elements") (quoting *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 989, 856 (9th Cir. 2022)); *Plata v. Lands' End, Inc.*, 2024 WL 5339858, at *5 (C.D. Cal. Dec. 19, 2024) (hyperlink in non-contrasting color and "separated from the Place Order button by a 'Secure Checkout' link," and webpage was "cluttered with tons of information and links"); *Serrano v. Open Rd. Delivery Holdings, Inc.*, 666 F. Supp. 3d 1089, 1096 (C.D. Cal. 2023) (notice in a smaller and lighter font than surrounding text, which "blend[ed] into the white background," and notice not "immediately adjacent to the 'Sign Up' button, but rather separated by larger and darker text addressing users with existing accounts"); *Farmer v. BarkBox, Inc.*, 2023 WL 8522984, at *2 (C.D. Cal. Oct. 6, 2023) (notice printed in "small, light-colored font at the bottom of a page crowded with other graphics and text"); *Chabolla v. ClassPass Inc.*, 2023 WL 4544598, at *4 (N.D. Cal. June 22, 2023) (notice appeared "in a faint, light gray font" with blue hyperlinks, was smaller and lighter than the surrounding text, and was "afield from the 'Continue' button," while the webpage itself was cluttered with images and larger text), *aff'd*, 129 F.4th 1147 (9th Cir. 2025); *Seneca v. Homeaglow, Inc.*, 2024 WL 750029, at *4 (C.D. Cal. Feb. 7, 2024) (notice presented only after purchase was completed and user had already agreed to different and more limited terms), *aff'd*, 2025 WL 852896 (9th Cir. Mar. 19, 2025); *Nguyen v. Barnes & Noble, Inc.*, 763 F.3d 1171, 1177 (9th Cir. 2014) (no textual notice advising user of the existence of terms beyond a hyperlink stating "Terms of Use"); *Hines v. Overstock.com, Inc.*, 668 F. Supp. 2d 362, 367 (E.D.N.Y. 2009) (no textual notice advising user of the existence of the terms beyond the hyperlink to the "Terms

and Conditions"), *aff'd*, 380 F. App'x 22 (2d Cir. 2010); *Landon v. TSC Acquisition Corp.*, 2024 WL 5316981, at *6-7 (C.D. Cal. Apr. 10, 2024) (notice in smaller font, did not "appear remotely close to the relevant buttons," and the hyperlinked word was "review," which did not "make it obvious that there are contractual terms"); *Berman*, 30 F.4th at 856-57 (notice in "a tiny gray font considerably smaller than the font used in the surrounding website elements . . . so small that it [was] barely legible").

In light of the foregoing, based on both the context of the transaction and the visual aspects of the webpage, Lenovo provided reasonably conspicuous notice of the Sales Agreement.

2. <u>Plaintiff Unambiguously Manifested His Assent to the Sales Agreement</u>.

Plaintiff's Opposition ignores that the Sales Agreement explicitly informed Plaintiff, in its opening preamble and capitalized text, that "BY PLACING AN ORDER ON LENOVO.COM OR ACCEPTING PRODUCTS SUBJECT TO THIS AGREEMENT, YOU . . . ACKNOWLEDGE THAT YOU HAVE READ THIS AGREEMENT; UNDERSTAND IT; AND THAT YOU AGREE TO BE LEGALLY BOUND BY ITS TERMS AND CONDITIONS." Mot. at 11 (quoting Morey Decl., Ex. 2). This is the precise explicit advisement that Plaintiff contends is missing: it "explain[s] that certain actions will be understood by [Lenovo] to signal assent" and "identif[ies] what, exactly, those actions are." *Compare* Opp'n at 12-13 (quoting *Godun*, 135 F.4th at 711), *with* Morey Decl., Ex. 2. Plaintiff was put on inquiry notice as Lenovo provided reasonably conspicuous notice of the Sales Agreement. *See* Section II.A.1, *supra*. Plaintiff was thus advised that "BY PLACING AN ORDER ON LENOVO.COM" he would be accepting the Sales Agreement and Plaintiff thereafter clicked "Place Order." Morey Decl. ¶¶ 9-10, 13. Accordingly, Lenovo has "establish[ed] mutual assent for the valid formation of an internet contract" by "establish[ing] the contractual terms were presented to [Plaintiff] in a manner that made it apparent [Plaintiff] was assenting to those very terms when checking a box or clicking on a button." *Sellers*, 73 Cal. App. 5th at 461; *see also Godun*, 135 F.4th at 710-11 (unambiguous manifestation of assent occurs "where an internet user is '*explicitly* advised that the act of clicking will constitute assent to the terms and conditions of an agreement'" and it is "*explain[ed]* that certain actions will be understood by the offeror to signal assent to contractual terms") (emphasis in original).

The case law cited by Plaintiff is readily distinguishable, as those cases addressed whether a plaintiff unambiguously manifested their assent when there was no advisement whatsoever informing the

plaintiff of what action would constitute assent, whether in the relevant purchase or sign-up flow or in the relevant agreement. *See* Opp'n at 12-13 (collecting cases). But as detailed above, here, Lenovo did advise Plaintiff of what action would constitute assent—placing an order—within the Sales Agreement. Morey Decl., Ex. 2. And Plaintiff does not cite any case law finding that including the advisement in the agreement itself is insufficient where a Plaintiff is on inquiry notice of the agreement. *See id.*

3. Plaintiff Does Not Dispute that the Class Action Waiver is Enforceable.

Plaintiff entirely fails to address—let alone, dispute—that the class action waiver is enforceable and requires striking Plaintiff's class allegations. *See* Mot. at 8-9. Plaintiff has "conceded" this issue by failing to "dispute this point in his opposition." *Scarlett v. Cnty. of Santa Clara*, 2024 WL 4804978, at *5 (N.D. Cal. Nov. 15, 2024) (Breyer, J.); *Williams v. Alameda Cnty.*, 2023 WL 4552108, at *4 (N.D. Cal. July 14, 2023) (Breyer, J.). Accordingly, to the extent the Court finds that Plaintiff accepted the Sales Agreement (and it should), the Court must strike Plaintiff's class allegations.

As to Plaintiff's argument that Lenovo's Motion is "disfavored" or "premature," none of the case law cited by Plaintiff involved a plaintiff who accepted a class action waiver. All but two of the cases cited by Plaintiff do not involve a class waiver and, in two instances, do not even involve a motion to strike class allegations. Opp'n at 14-15 (citing *Christian v. LeafFilter North, LLC*, 2025 WL 2337125, at *3 (N.D. Cal. Aug. 13, 2025) (denying motion based on argument that "oral communications" are "too individualized"); *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 884 (9th Cir. 1983) (addressing order striking motion to reconsider order granting summary judgment); *Graves v. Southwestern & Pacific Specialty Finance, Inc.*, 2013 WL 5945851, at *3-4 (N.D. Cal. Nov. 4, 2013) (denying motion based on typicality and arbitration agreement without class action waiver); *Cholakyan v. Mercedes Benz-USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. June 30, 2011) (denying motion based on ascertainability, typicality, adequacy, and individualized issues); *In re Wal-Mart Stores, Inc. Wage and Hour Litig.*, 505 F. Supp. 2d 609, 614, 620 (N.D. Cal. 2007) (denying motion to strike based on argument that "the series of subclasses that plaintiffs delineate . . . impermissibly force the Court to engage in a fact-intensive inquiry in order to determine the scope of each putative subclass"); *Lugo v. City of Redondo Beach*, 2022 WL 17078890, at *2 (C.D. Cal. Sept. 1, 2022) (denying motion to strike affirmative defenses).

And even in the two cases that Plaintiff cites involving class action waivers, the cases are

inapplicable because, unlike here, the named plaintiff either opted out of the class action waiver or was a minor who was unable to consent to the class action waiver. *See* Opp'n at 14-15 (citing *Boddie v. Signature Flight Support Corp.*, 2019 WL 3554383, at *2 (N.D. Cal. Aug. 5, 2019) (plaintiff opted out of the arbitration agreement and class action waiver, thus the basis put forth for striking the class allegations was typicality, not plaintiff's acceptance of a class action waiver); *T.K. v. Adobe Sys. Inc.*, 2018 WL 1812200, at *1, *5, *13 (N.D. Cal. Apr. 17, 2018) (plaintiff was a minor and thus there was no argument that the plaintiff accepted the arbitration agreement and class action waiver)).

Plaintiff's acceptance of the class action waiver should be enforced, striking his class allegations.

**B. The Nationwide Unjust Enrichment Class Allegations Must Be Stricken.**

Even if the Court finds that Plaintiff did not accept the Sales Agreement and its class action waiver, Plaintiff's nationwide unjust enrichment claims must be stricken. Mot. at 9-10 (collecting cases).

The case law cited by Plaintiff does not alter this result, as none of the case law cited involved an attempt to bring a nationwide unjust enrichment claim under the laws of all 50 states. *See* Opp'n at 15 (citing *In re SanDisk SSDs Litig.*, 736 F. Supp. 3d 786, 792 (N.D. Cal. Jun 5, 2024) (analyzing ability to bring "nationwide class claims brought under California law"—that is, whether "out-of-state Plaintiffs and putative class members" could "show that California law applies to their claims"); *Bruton v. Gerber Prods. Co.*, 703 F. App'x 468, 470 (9th Cir. 2017) (holding that "an independent claim for unjust enrichment" may "proceed in an insurance dispute" and thus "remand[ing] for consideration of whether there are other grounds on which Burton failed to state a claim for unjust enrichment, or if that claim must proceed to resolution"); *Forcellati v. Hyland's, Inc.*, 876 F. Supp. 2d 1155, 1159-60, 1166-68 (C.D. Cal. 2012) (analyzing standing to bring consumer protection claims under California law and *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012)., and dismissing plaintiff's unjust enrichment claim with prejudice because "the majority of state and federal district courts in California do not recognize unjust enrichment as a freestanding claim"); *Corbett v. Pharmacare U.S., Inc.*, 544 F. Supp. 3d 996, 1012-13 (S.D. Cal. 2021) (analyzing standing to bring nationwide UCL and breach of warranty claims under *Mazza*, but not addressing nationwide unjust enrichment claims, which were not alleged)).

## III. <u>CONCLUSION</u>

Lenovo respectfully requests that the Court strike Plaintiff's class allegations.

Dated: August 26, 2026

By: **AKIN GUMP STRAUSS HAUER & FELD LLP**

*/s/ Laura D. Smolowe*
Laura D. Smolowe
Lauren E. Huennekens
1999 Avenue of the Stars, Suite 600
Los Angeles, CA 90067

Ashley Vinson Crawford
Fatima Bishtawi
**AKIN GUMP STRAUSS HAUER & FELD LLP**
100 Pine Street, Suite 3200
San Francisco, CA 94111

Elizabeth Scott (*pro hac vice*)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2300 N. Field Street, Suite 1800
Dallas, TX 75201

Attorneys for Defendant
LENOVO (UNITED STATES) INC.