**AKIN GUMP STRAUSS HAUER & FELD LLP**
LAURA D. SMOLOWE (SBN 263012)
lsmolowe@akingump.com
LAUREN E. HUENNEKENS (SBN 328855)
lhuennekens@akingump.com
1999 Avenue of the Stars, Suite 600
Los Angeles, CA 90067
Telephone: (310) 229-1000
Facsimile: (310) 229-1001

**AKIN GUMP STRAUSS HAUER & FELD LLP**
ASHLEY VINSON CRAWFORD (SBN 257246)
avcrawford@akingump.com
FATIMA BISHTAWI (SBN 363224)
fbishtawi@akingump.com
100 Pine Street, Suite 3200
San Francisco, CA 94111
Telephone: (415) 765-9500
Facsimile: (415) 765-9501

**AKIN GUMP STRAUSS HAUER & FELD LLP**
ELIZABETH SCOTT (*pro hac vice*)
edscott@akingump.com
2300 N. Field Street, Suite 1800
Dallas, TX 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343

Attorneys for Defendant
LENOVO (UNITED STATES) INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SPENCER CHRISTY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LENOVO (UNITED STATES) INC.,<br><br>Defendant. | Case No. 3:26-cv-01133-CRB<br><br>**DEFENDANT LENOVO (UNITED STATES) INC.'S RESPONSE TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF HIS OPPOSITION TO LENOVO'S MOTION TO COMPEL ARBITRATION AND STRIKE CLASS ALLEGATIONS**<br><br>Date: November 13, 2026<br>Time: 10:00 a.m.<br>Location: Courtroom 6 – 17th Floor<br><br>Date Action Filed: February 5, 2026 |

Defendant Lenovo (United States) Inc. ("Lenovo") respectfully submits the following response to Plaintiff's Request for Judicial Notice in Support of his Opposition to Lenovo's Motion to Compel Arbitration ("Request" or "RJN"). Plaintiff requests that the Court take judicial notice of two documents: (1) a declaration filed in support of a motion to compel arbitration in *Van Den Heuvel v. Expedia Travel*, Case No. 2:16-cv-00567-JAM-AC (E.D. Cal. Sept. 26, 2017), *see* Plaintiff's RJN, Ex. A; and (2) a print-out attached to the declaration in *Van Den Heuvel*, displaying a "Review and book your trip" webpage from www.expedia.com, *see id.*, Ex. B. Lenovo does not oppose Plaintiff's Request to the extent Plaintiff seeks judicial notice of the documents solely for the fact that the documents exist and were filed. However, to the extent Plaintiff asks the Court to take judicial notice of the documents for the truth of the facts asserted therein, Lenovo opposes Plaintiff's Request.

"[C]ourt filings and orders from other proceedings are proper subjects of judicial notice." *Sierra v. Costco Wholesale Corp.*, 630 F. Supp. 3d 1199, 1208 (N.D. Cal. 2022). However, "when a court takes judicial notice of documents filed in another court, 'it may do so not for the truth of the facts recited therein,' but simply for the fact that the documents exist and were filed, 'which is not subject to reasonable dispute.'" *Briseno v. Bonta*, 621 F. Supp. 3d 1065, 1069 n.3 (C.D. Cal. 2022) (quoting *S.B. by & through Kristina B. v. Cal. Dep't of Educ.*, 327 F. Supp. 3d 1218, 1229 n.1 (E.D. Cal. 2018)).

In his Opposition to Lenovo's Motion to Compel Arbitration and Motion to Strike Class Allegations, Plaintiff appears to rely on these documents not solely for the fact that they exist and were filed, but for the truth of the facts recited therein. *See* Opp'n at 13. Specifically, Plaintiff argues that Exhibit B to his Request establishes that *Van Den Heuvel v. Expedia Travel*, 2017 WL 5133270 (E.D. Cal. Nov. 6, 2017), *report and recommendation adopted*, 2017 WL 6512945 (E.D. Cal. Dec. 20, 2017), does not support Lenovo's argument, relying on language in Exhibit B that the *Van Den Heuvel* court did not include in its order. *See generally Van Den Heuvel*, 2017 WL 5133270. Because the *Van Den Heuvel* court did not rely on the language that Plaintiff puts forth in his Request, Plaintiff is, in effect, asking this Court to take judicial notice of these documents not simply for the fact that they exist, but for the truth of facts recited therein, which is improper.

Lenovo thus respectfully requests that the Court deny Plaintiff's Request insofar as it asks the Court to take judicial notice of Exhibits A and B for the truth of the facts recited therein. Lenovo otherwise does not oppose the Court granting Plaintiff's Request, to the extent limited to taking judicial notice of Exhibits A and B solely for the fact that the documents exist and were filed.

Dated: August 26, 2026 By: **AKIN GUMP STRAUSS HAUER & FELD LLP**

*/s/ Laura D. Smolowe*
Laura D. Smolowe
Lauren E. Huennekens
1999 Avenue of the Stars, Suite 600
Los Angeles, CA 90067

Ashley Vinson Crawford
Fatima Bishtawi
**AKIN GUMP STRAUSS HAUER & FELD LLP**
100 Pine Street, Suite 3200
San Francisco, CA 94111

Elizabeth Scott (*pro hac vice*)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2300 N. Field Street, Suite 1800
Dallas, TX 75201

Attorneys for Defendant
LENOVO (UNITED STATES) INC.